# Charleston.

## JOHN PIERCY'S HEIRS *et al* vs. GEORGE PIERCY, EX'OR.

### January Term, 1872.

1. The obligee in a bond secured by a trust deed, delivers the same to a third party with the understanding on the part of the obligee that the bond was to be delivered to the obligor, and that such third party was then to become the payor of the debt, and the bond is so delivered to the obligor; it is held, there being no allegation or proof of fraud, in a bill brought by the executor of the obligee to enforce the trust, that the bond was cancelled and the trust discharged.

2. It lies upon the party seeking to enforce a bill or note, to account for any alteration that appears on the face of the instrument.

3. If a bond is altered by the obligee, in a material point, it thereby becomes void. The tearing off the seal is a material alteration, and renders the deed void.

4. In this case the signature and seal of the bond secured by the trust deed are torn off, and the executor of the obligee, who brought suit to enforce the payment, has not accounted for the alteration; therefore the bond is void and the trust deed extinguished.

5. It is error to adjudicate the merits of a cause where there are infant defendants without having appointed a guardian *ad litem.*

Suit in equity brought in the circuit court of Greenbrier county, bill filed August rules, 1868.

George Piercy, executor of John Piercy, Sr., plaintiff.

The bill alleges that one James M. Beckett, in 1856, was indebted to the testator in the sum of two thousand seven hundred and twenty-seven dollars and eight cents, to secure which he executed a trust deed, in which the orator was trustee, on one-half of certain property known as "Piercy mills and factory." The trust extended for five years. That this debt was never paid to testator in his life-time, nor to orator since his death. That one John Piercy, Jr., was joint owner with Beckett at the date of the trust, Beckett having purchased from A. J. Piercy, who with John Piercy, Jr., had received a deed from John Piercy, Sr. That some time after

the execution of the trust, Beckett sold his interest to John Piercy, Jr., and the latter promised to pay said debt or take the property subject to it, and settle it with his father, Piercy Sr., as part of the purchase money; that he aggreed, in other words, to procure the bond for Beckett. He did accordingly procure it and deliver it to him, saying that he told his father, Piercy Sr., to let him have the bond, as soon as he got the thing arranged he would settle with him. That the bond was filed with the bill, "in a mutilated state."

The bill charged that the bond was never paid, and "that it was rather a mystery with him as to the means whereby he got the bond, whether by contract or otherwise;" one thing was certain, it had never been paid or released. That John Piercy, Jr., claimed to have paid a part of it in less than a year from its date, reducing it one thousand nine hundred and sixty-three dollars and eighty-two cents, of which he gave plaintiff a statement. That Piercy, Jr., had departed this life, leaving a widow and five infant children. That the orator being executor, could not act as trustee to sell the property, and therefore asked the court for aid; and that the land be sold by a commissioner, &c.

The bond was filed, and it appears the seal was torn off, and also the name of Beckett, but the latter had been reinstated, or pasted on, nearer the middle of the paper, at the bottom thereof.

Beckett answered that Piercy Jr., was to pay off the trust, but whether he did or not, he did not know.

The widow of Piercy Jr., who had inter-married with one Arbaugh, answered and demurred, that the bill did not show any title in Beckett; that the legal title was in A. J. Piercy, who was not a party to the bill. That upon the surrender of the bond, the trust deed was satisfied, and the plaintiff could only have an action against Piercy Jr., or his representatives, or his agreement with his father as to his arranging the debt, for which there was a complete remedy at law. They denied that Beckett had any interest in the property at the date of the execution of the trust, or ever indeed; that the bond was discharged and surrendered to Beckett, and could only have come into the possession of the plaintiff fraudulently or surreptitiously.

No *guardian ad litem* was appointed for the infant defendants.

The court below decreed a sale of the property to satisfy the lien of the trust deed, at the April term, 1871.

The defendants appealed to this court.

*Snyder* and *Harris* for the appellants.
*Price & Sperry* for appellee.

MOORE, J.   The plaintiff alleges in his bill, that "At the time the deed of trust was executed, the mill property aforesaid was jointly owned by said Beckett, and John Piercy, Jr., the said Beckett having purchased the interest of Andrew J. Piercy in the same, and the said Andrew J. and John Piercy, Jr., having obtained a deed therefor from the said John Piercy, Sr.   Some time after the deed of trust was executed, the said Beckett sold his interest in said property to said John Piercy, Jr., and he, the latter, became paymaster to the said John Piercy, Sr., of the debt aforesaid; at least he promised said Beckett to pay said debt, or to take the property subject to said debt and settle it with his father as part of the purchase money.   He agreed, in other words, to procure for said Beckett his bond aforesaid.   He did accordingly procure the bond and deliver it to said Beckett, saying that he told his father to let him have the bond, and as soon as he got the thing arranged with Beckett, that he would arrange the thing with him."

The plaintiff exhibited the bond with his bill, and admitted it was "in a mutilated state."

From the foregoing allegations it appears that John Piercy, Sr., conveyed the property by deed to Andrew J. Piercy and John Piercy, Jr.   There is no allegation, and no proof, that Andrew J. Piercy conveyed his interest in the property to Beckett.   It appears from the face of the bill, that the legal title is in Andrew J. Piercy.   The court should have sustained the demurrer, and required the bill to have been amended by making the said Andrew a party.

The obligee having delivered the bond to John Piercy, Jr., to be surrendered to the obligor, and the surrender thereof having been made as alleged by the plaintiff, with the under-

standing on the part of the obligee that the bond was to be delivered to the obligor, and that John Piercy, Jr., was then to become payor of the debt, there being no allegation or proof of fraud, the court must hold that the bond was cancelled and the trust discharged.   2 Parsons Notes and Bills, 235–6.

The plaintiff admits by the allegations referred to, that the bond had been delivered up to Beckett, and yet he exhibits the bond with his bill, in a mutilated form, without giving any explanation how he came in possession of it, or how it became mutilated.   It lies upon the party seeking to enforce a bill or note to account for any alteration that appears on the face of the instrument.   Tindal, C. J.; *Clifford* vs. *Parker*, 2 Man., 1 G., 909, cited in 2 Parsons Notes and Bills, p. 578, note.   In the case of *Johnson* vs. *Bank U. S.*, 2 B. Monroe, p. 311, Robertson, J., said: "Ever since *Pigot's* case (Coke), it has been the settled doctrine of the common law, that any alteration in a *deed*, whether material or immaterial, if made by one party to it without the concurrence or authority of the other party, will avoid the deed, and sustain a plea of *non est factum*.   1st, Because the alteration must effect the question of identity; and 2d, Because such an unauthorized act of a party having the custody of a deed should be construed most strongly against himself, and if legalized, might facilitate injuries and irremediable frauds."   The authorities are numerous that, if the bond is altered by the obligee in a material point, it thereby becomes void.   2 Rob. Prac., 27, new ed., and cases cited.   The tearing of the seal is a material alteration, and renders the deed void.   5 Rob. Prac., 239–40.

In the case before us, the signature and seal have been torn off.   The plaintiff has not accounted for the alteration; therefore, upon the authority, the court should have held the bond void and the deed of trust extinguished.

The court also erred in adjudicating the merits of the cause without having appointed a guardian *ad litem* for the infant defendants.   If there is any claim against the estate of John Piercy, Jr., in favor of the plaintiff, it can only be upon the contract between the said John Piercy, Jr., and his father. The defendants rely upon the statute of limitations against that claim, but how far that will avail them, this court can-

not discover from the record. I am therefore of opinion that the decrees should be reversed, with costs, and the cause remanded to be proceeded in, according to the principles herein indicated.

The other judges concurred.

DECREE REVERSED.