# Charlestown.

PIERCY, EX'R, &c. v. BECKETT et al.

Decided August 23, 1879.

1879
August Term

1. A party under the privilege of amending is not to introduce new matter which would constitute a new bill.

2. Amendments can only be granted, when the bill is defective in parties, or in prayer for relief, or in the omission of or mistake as to a fact or circumstance connected with the substance but not forming the substance itself, or for putting in issue new matter to to meet proper allegations in the answer.

3. Under the prayer for general relief the plaintiff could not recover a claim distinct from that demanded or put in issue by his bill.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Greenbrier, rendered on the 22d day of June, 1876, in a cause in said court then pending, wherein George Piercy, executor, was plaintiff, and James M. Beckett and others were defendants, allowed upon petition of said Piercy.

Hon. Homer A. Holt, judge of the eight judicial circuit, rendered the decree appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case :

In August, 1868, George Piercy, executor of the last will and testament of John Piercy, Sr., deceased, filed

1879
August Term.

Piercy, Ex'r &c.
v.
Beckett et al.

his bill in the circuit court of Greenbrier county, for the purpose of enforcing the lien of a trust-deed. The debt secured by the deed of trust was payable to said John Piercy, Sr., and George Piercy, who was the trustee named in said deed, being afterwards appointed by the last will and testament of the said John Piercy, Sr., the *cestui que trust*, it became necessary for the said executor and trustee, being the same person, to resort to a court of equity to enforce the said lien. In his bill he sets up the trust-deed by the proper allegations. The bill alleges that "at the time the deed of trust was executed the mill property aforesaid was jointly owned by said Beckett, (the grantor in the deed of trust) and John Piercy, Jr., the said Beckett having purchased the interest of Andrew J. Piercy in the same, and the said Andrew J. and John Piercy, Jr., having obtained a deed therefor from the said John Piercy, Sr. Some time after the deed of trust was executed, the said Beckett sold his interest in the said property to said John Piercy, Jr., and he, the latter, became paymaster to the said John Piercy, Sr., of the debt aforesaid; at least he promised said Beckett to pay said debt, or to take the property subject to said debt, and settle it with his father as part of the purchase money. He agreed, in other words, to procure for said Beckett his bond aforesaid. He did accordingly procure the bond, and deliver it to said Beckett, saying that he told his father to let him have the bond, and as soon as he got the thing arranged with Beckett, he would arrange the debt with him. The bond in a mutilated state is herewith filed as a part of this bill, marked number two.

Your orator charges that the bond was never paid, or any part of it; and it is rather a mystery with him as to the manner whereby he got the bond, whether by contract or otherwise. *One thing however is certain, that it was never paid or released in any form or part.*

The said John Piercy, Jr., after the death of his father, and after your orator qualified as his executor, admitted that he had never paid the debt, as he had agreed to do

with his father.  He claimed however, that he had paid a part on the 2d of March, 1857, in less than a year from the date of the bond, very improbable, leaving on that day a balance of $1,963.82 to be paid.  Of this he gave your orator a written statement, herewith filed as part of this bill marked number three.  And no part even of this latter sum has been paid."  The bill alleges the death of John Piercy, Jr., and makes his widow and heirs, Wallace Robinson, administrator, of John Piercy, deceased, as well as the said Beckett, defendants to the bill.  The prayer of the bill is, "that said land may be decreed to be sold by a commissioner of the court, and the debt and interest aforesaid made ; and that your orator may have such other and further relief in the premises as is suitable to his case, and can be afforded by the principles of equity."

On the 24th day of April, 1871, the court decreed the trust-deed a subsisting lien upon the land in the bill mentioned and that the same should be enforced, and appointed a commissioner to sell the same, to pay the debt secured by said trust.  From this decree the defendants appealed.  The case was decided by this Court at the January term 1872, and is reported in 5 W.Va. 199.  In their opinion the Court say :  " The obligee having delivered the bond to John Piercy, Jr., to be surrendered to the obligor and the surrender thereof having been made, as alleged by the plaintiff, with the understanding on the part of the obligee, that the bond was to be delivered to the obligor, and that John Piercy, Jr., was then to become payer of the debt, there being no allegation or proof of fraud, the court must hold that the bond was cancelled, and the trust discharged.  *  *  *  The plaintiff admits by the allegations referred to, that the bond has been delivered up to Beckett, and yet he exhibits the bond with his bill in a mutilated form, without giving any explanation how he came in possession of it, or how it became mutilated.  It lies upon a party seeking to enforce a bill or note, to account for any alteration that appears upon the face of the instrument  *  *  *

In the case before us the signature and seal have been torn off. The plaintiff has not accounted for the alteration; therefore upon the authority the court should have held the bond void, and the deed of trust extinguished. * * * If there is any claim against the estate of Jno. Piercy, Jr., in favor of the plaintiff, it can only be upon the contract between the said John Piercy, Jr., and his father. The defendants rely upon the statute of limitations against that claim, but how far that will avail them this Court cannot discover from the record. I am therefore of opinion, that the decree should be reversed, with costs, and the cause remanded, to be proceeded in according to the principles herein indicated."

1879
August Term.

Piercy, Ex'r &c.
v.
Beckett et al.

Exhibit number three with the original bill is in substance as follows : " All the debt and interest was counted up and added together, and what I paid was taken from the lien, which leaves $1,963.82 ; all over and above that I paid off last March, 2d day, 1875."

The reference to this exhibit in the answer of Robert M. Arbaugh, and wife, who was formerly the wife of John Piercy, Jr., is as follows: " They deny that the unintelligible scrap of paper, marked number three and filed with the plaintiff's bill, is any evidence of indebtedness whatever on the part of John Piercy, Jr., deceased, or of any one else. The most that can be claimed for it is that it is an account stated between the plaintiff and the said John Piercy, Jr., deceased; and if this should appear to be the fact, then these respondents plead the statute of limitations, and say that said account stated is barred by time."

After the cause had been remanded, and the mandate of this Court recorded in the court below, the plaintiff filed an amended and supplemental bill, in which he says that he had theretofore " filed his bill in this honorable court against James M. Beckett and others, *the object of which was to obtain a decree for the sale of certain trust-property, given in trust by said Beckett to secure a debt to the said John Piercy, Sr., of $2,727.08; due the 30th day of*

*April*, 1856, *and evidenced by bond and deed of trust of that date.*" The bill then describes the property included in the trust. The bill proceeds:

" Your orator further represents that some short time after this deed of trust and bond was executed, the said James M. Beckett sold his interest (being one-half) to said John Piercy, Jr., and conveyed the same to the said John Piercy, Jr., by deed bearing date on the ———— day of ———— 185—, a copy whereof is herewith filed as part of this bill. The said Andrew J. Piercy had previously conveyed his interest in said land to the said James M. Beckett. Thus the said John Piercy, Jr., became the complete legal owner of this entire lot or tract of land which was known as the 'factory lot.' Your orator further represents that the said John Piercy, Jr., acquired the title to the lot of said James M. Beckett by an agreement made with the said John Piercy, Sr., and said Beckett, by agreeing to pay the trust-debt aforesaid to said John, Sr., *and release the said Beckett from the same;* that in pursuance of this agreement, the said John, Jr., executed his own bond to his father for the debt, and took up and surrendered to said Beckett his bond secured in the deed of trust. Thus the said John, Jr., became the owner of the interest of said Beckett in said lot, and became bound for the amount of the trust-debt due from Beckett to his father. This bond, your orator alleges, has been lost or mislaid and cannot be found, but that no part thereof has been paid. The bill makes the same defendants thereto, with the exception of James M. Beckett whom it omits, as were defendants to the original bill, with the addition of Andrew J. Piercy. The prayer of the bill is, " that the estate of John Piercy, Jr., may be settled before a master commissioner, the creditors convened and their debts reported, that your orator may have his debt aforesaid paid out of the personal or real fund; and such other and general relief as he may be entitled to in the premises."

The defendants, Nancy Arbaugh and R. M. Arbaugh,

her husband, demurred to said bill, and assigned the following special grounds of demurrer in addition to their general demurrer: "The subject matter of the bill is original, and in no legal sense amendatory or supplemental to the plaintiff's original suit;" * * "Its averments and prayer are in conflict with the allegations and relief sought in the original bill; the latter sought to subject certain trust property to the payment of a bond executed by James M. Beckett, while the former is covertly a creditor's bill to enforce the payment of a bond executed by John Piercy, Jr., deceased, out of his estate, and said Beckett is not a party to it." * * * "The two bills taken as one are multifarious, incongruous and inconsistent."

The court by an order entered in the cause on the 30th day of June, 1875, referred the cause to a commissioner, to settle the accounts of the administrator of John Piercy, Jr., deceased, with directions that he should convene all the creditors of said Piercy, before taking said account. The commissioner's report and many depositions are in the record. The answer of the said Nancy Arbaugh and husband is filed, in which they deny the material allegations of the bill.

On the 22d day of June, 1876, a final decree was rendered, in which the court said: "The court is of opinion from the view it takes of the merits of the matter set up by the plaintiff's amended bill, it is unnecessary for it to pass upon the legal question raised by the demurrer to said amended bill. Therefore, without sustaining or overruling said demurrer, the court doth adjudge, order and decree, that the plaintiff has not established by the proofs in the cause his right to recover from the estate of John Piercy, Jr., deceased, the claim of $2,727.08, in. his amended bill mentioned, or any part thereof; that the evidence is insufficient under the circumstances, to satisfy the court that the said John Piercy ever executed his bond to his father for said debt; and even if such had been the case, the evidence does not show that such

a bond or any part thereof remains unpaid, nor is there sufficient evidence to charge the estate of said John Piercy, Jr., by simple contract for said debt, if such ever had any existence, it is barred by the statute of limitations. * * * It is therefore further adjudged, ordered and decreed, that the plaintiff's bill, so far as it relates to said debt be dismissed, the court reserving the question of costs, as to that part of said suit which relates to said debt. Is it further ordered, that the report of commissioner Preston be recommitted to him, with directions to ascertain and report the debts due from the estate of John Piercy, Jr., other than the debt hereinbefore disallowed, the amounts and priorities of said debts, and which of said debts, if any, are charges against the real assets discovered, and the facts showing such charge," &c.

From this decree the plaintiff, George Piercy, excecutor, &c., appealed.

*Robert F. Dennis and Samuel Price,* for appellants.

*A. C. Snyder and John W. Harris,* for appllees, cited the following authorities :

1 Dan. Ch. Pr. 410 and n. (1); 1 Edw. Ch. 46 ; 17 How. 130 ; 1 Freem. (Miss.) 721 ; 22 Wall. 238 ; 12 How. 407 ; 2 B. Mon. 196 ; 11 W. Va. 274 ; Story Eq. Pl. (Red. ed.) §905 ; 1 Greenl. Ev., §200 ; *Id.* 558 ; 2 Pat. & H. 616 ; 2 Smed. & M. 492 ; 3 Com. 424 ; 5 Gilm. 113 ; 4 Otto 811 ; 17 Gratt. 96 ; *Id.* 321, 348.

JOHNSON, JUDGE, delivered the opinion of the Court :

The first question presented, and in the view we take of the case the only one necessary or proper for us to consider, is : Should the demurrer to the amended bill have been sustained ? The following principles as to amending bills are well settled. A party under the privilege of amending is not to introduce new matter, which would constitute a new bill. Amendments can only be granted

when the bill is defective in parties, or in prayer for relief, or in the omission of, or mistake as to a fact or circumstance connected with the substance, but not forming the substance itself, or for putting in issue new matter to meet proper allegations in the answer. *Lyon* v. *Tallmadge*, 1 Johns. Ch. 134; *Verplanck* v. *Mercantile Ins. Co.*, Edw. Ch. 47; *Shields* v. *Barrow*, 17 How. 130; *Christmas* v. *Russell*, 14 Wall. 69.

In *Shields* v. *Barrow, supra*, Mr. Justice Curtis after stating the case said: "The court allowed the above amendment. So that the bill thereafter presented not only two aspects, but two diametrically opposite prayers for relief, resting upon necessarily inconsistent cases; the one being that the court would declare the contract rescinded, for imposition and other causes; and the other that the court would declare it so free from exception as to be entitled to its aid by a decree for specific performance. Whether this amendment be considered as leaving the bill in this condition, or as amounting to an abandonment of the original bill for a rescission of the contract, and the substitution of a new bill for specific performance, it was equally objectionable. A bill may be originally framed with a double aspect, or may be so amended as to be of that character; but the alternative case must be the foundation for precisely the same relief; and it would produce inextricable confusion if the' plaintiff were allowed to do what was attempted here. Sto. Eq. Pl. 212, 213, Welford's Eq. Pl. 88; *Edwards* v. *Edwards*, Jacobs 335.

"Nor is the plaintiff at liberty to abandon the entire case, made by his bill and make a new and different case by way of amendment. We apprehend that the true rule on this subject is laid down by the vice-chancellor in *Verplanck* v. *The Mercantile Ins. Co.*, 1 Edw. Ch. 46. Under the privilege of amending a party is not permitted to make a new bill. Amendments can only be made, when the bill is found defective in proper¸ parties, in its prayer for

1879
August Term.

Piercy, Ex'r &c.
v.
Beckett, et at.

Syllabus 2.

Syllabus 2.

relief, or in the omission or mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself, or for putting in issue new matter to meet allegations in the answer.

"We think sound reasons can be given for not allowing the rules for the practice of the circuit courts respecting amendments to extend beyond this, though doubtless, much liberality should be shown in acting within it, taking care always to protect the rights of the opposite party. * * To strike out the entire substance and prayer of a bill, and insert a new case by way of amendmend, leaves the record unnecessarily encumbered with the original proceedings, increases expenses and complicates the suit. It is far better to require the complainant to begin anew. To insert a wholly different case is not properly an amendment, and should not be considered within the rules on that subject." The reasoning of the above opinion is sound and we fully approve it.

How stands the cause before the court? The plaintiff filed his original bill for a specific purpose, to obtain the aid of a court of equity to enforce the lien of a deed of trust. The prayer was, that the land embraced in the trust-deed might be sold to discharge the lien. It is true there was a prayer for general relief; but under that prayer the plaintiff could not recover a claim distinct from that demanded, or put in issue by his bill. *Sheppard's ex'r* v. *Starke et ux.*, 3 Munf. 29. It is also true, that the bill alleged that John Piercy, Jr., had bought the trust-property after the execution of the trust, and had agreed to pay the debt, and had made a memorandum of the amount yet due; but this was a necessary allegation, if true, to enable the representative of John Piercy, Jr., to show, if he could, that the lien had been discharged or that credits should be allowed. The court below rendered a decree enforcing the lien, from which an appeal was taken, and the Court of Appeals held that the lien had been discharged by a surrender of the bond secured thereby, and its appearing in a mutilated condition without an explanation as to how it became so; there

being no allegation or proof ot fraud in its surrender to the obligor. The decrees of the court below were re- versed and the cause remanded to be proceeded in according to the principles indicated in the opinion. 5 W. Va. 199.

When the cause was again in the court below, the plaintiff was permitted to amend his bill, making an entirely new case with different allegations altogether. Having in the original bill charged that the bond of Beckett had not, nor had any part thereof, been paid, and in the amended bill, that it had been paid by John Piercy, Jr., taking it up, and giving his own bond to his father in payment thereof; that is what the charge amounts to. In the amended bill, he attempts to show jurisdiction in a court of chancery to recover the amount of John Piercy's bond, by alleging that the bond had been lost or mislaid. But for that allegation, even if that in an original bill would have been sufficient, the court could not have taken jurisdiction of the cause. The prayer of the original bill is, that the trust-property be sold to pay the Beckett bond ; and the prayer of the amended bill is, that the Piercy lost bond be paid out ot his personal or real property.

The court below declined to pass upon the demurrer to the amended bill, but upon the final hearing, waiving the consideration of the demurrer upon the proofs, dismissed the bill as to the debt supposed to have been evidenced by the lost bond of John Piercy, Jr., alleged to have been executed to his father, and retained the bill as a creditor's bill, and is waiting to administer in this cause upon the estate of John Piercy Jr., deceased. Thus we have the singular history of a chancery suit, instituted against James M. Beckett and others to enforce the lien of a trust-deed executed by said Beckett, the plaintiff abandoning that object entirely, and amending his bill for the purpose of collecting from the estate of John Piercy, Jr., the amount ot a lost bond alleged to have been made by him to his father, and the bill dis-

missed as to that claim, and now the same old suit converted into a creditor's suit, to settle the estate of John Piercy, Jr., and disburse his assets among his creditors. That will not be done in this cause with the approbation of this Court. The system of equity jurisprudence is a beautiful, harmonious, congruous system where everything is done in decency and in order, and it cannot be contorted by the toleration of such abuses as have been attempted by the plaintiff in this cause. If it could, no man could tell whither it would lead, or what his status in court was ; and the reproach of the celebrated case of *Jarndyce and Jarndyce*, would be complimentary as compared with it. The Court of Appeals did not by its opinion or mandate authorize the filing of any such amended bill. The proceedings of the court below could only be according to the principles governing courts of equity.

For the foregoing reasons, the decree of the 22d day of June, 1876, is reversed with costs to the appellees, the parties substantially prevailing, to be paid by the said George Piercy, executor, out of the assets of his testator in his hands to be administered ; and this Court proceeding to render such a decree as the circuit court ought to have rendered, the demurrer to the amended bill is sustained, and the original and amended bills dismissed ; and it is ordered, adjudged and decreed, that the defendants recover of said George Piercy, executor &c., their costs, to be paid by said executor out of the assets of his testator in his hands to be administered.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.