ADAIR ET AL. v. EGLAND.

THE SAME v. SANDERSON.

1. **Promissory Note:** ALTERATION OF: RENDERS NOTE VOID. An alteration of a promissory note, if material and if it destroys the identity of the note or changes its legal effect, will render the note void. *Held*, that where the alteration made the note payable in a county and at a bank different from that contracted for by the parties, without the consent of the payee, the change was material and the note void.

*Appeal from Marshall Circuit Court.*

SATURDAY, APRIL 22.

ACTIONS on promissory notes. The defendants pleaded the notes had been materially altered after their execution, and a

failure of consideration. Trial to the court, judgment for the defendants, and plaintiff appeals.

*Brown & Carney,* for appellants.

*J. H. Bradley,* for appellee.

SEEVERS, CH. J.—The notes are substantially alike, and as the defenses are the same, both cases will be disposed of in a single opinion. The material portions of the note in the second case, when it was executed, were as follows:

1. PROMISSORY NOTE: alteration: renders note void.

> POST OFFICE, MINERAL RIDGE, }
> County of Boone, State of Iowa. }

$150.     TOWNSHIP MARION, HAMILTON COUNTY, }
.              June 29th, 1880.   }

Six months after date I promise to pay to James B. Drake, or bearer, one hundred and fifty dollars, negotiable and payable at the ——— National Bank, ——— with ten per cent interest, etc."

We understand the post-office of the maker to be Mineral Ridge, Boone county, but the note was executed in Hamilton county. In the absence of any evidence to the contrary the court below was warranted in finding the maker resided either in the county of Boone or Hamilton.

The blanks in the other note were precisely the same as above stated, and the court was warranted in finding the maker resided in Hamilton county.

The plaintiffs sought to recover on notes payable at the " Marshalltown Bank," " Marshalltown, Iowa," and the notes in question, when introduced in evidence, on their face showed the word " national " had been erased. This was plainly visible and the blanks then so filled as to make the notes payable as aforesaid. There was evidence tending to show the plaintiffs purchased the notes for value before maturity, and they were then in the same condition as at the trial. There was evidence tending to show the notes were

obtained for a hay fork agency, by false representations, and that there was a failure of consideration, and the notes had been altered without the knowledge or consent of the makers. The only question we are required to determine is, whether the alteration rendered the notes void in the hands of the plaintiffs. It seems to be agreed on all hands it does, if the alteration was material and destroys the identity of the note or changes its legal effect. Daniel on Negotiable Instruments, § § 1373, 1374. Unless, perhaps it was done by mistake or was the act of a stranger. As a part of the alteration consisted of an erasure, which was visible, the burden was on the plaintiffs to show it was done by some one or in a manner that would not affect the liability of the defendants. Daniels on Negotiable Instruments, § § 1417, 1418. No evidence was introduced so tending.

There are cases which hold where a blank has been left, as for the insertion of the name of a bank or other place where the note can be made payable, that the holder may fill the blank without discharging the maker. This is on the ground that implied power had been given to do so. But there may be a doubt whether such authority can be invoked where the place, at which the note would be otherwise payable, has been materially changed. But, conceding the rule to be as above stated, we do not think there is any case which holds that a material alteration by erasure will not have the effect to render the note void. When these notes were executed they were either payable generally, or at some national bank, which could be designated by the holder. If the former, then they were payable at the residence of the makers. This court will take judicial notice that Marshalltown is the county seat of Marshall county. Having been made payable in Marshall county by the alteration, the defendants were bound to go to such county to pay the notes. Besides this, an action under the statute could be brought on the notes in Marshall county. The alteration was therefore material. But it may be claimed the holder had authority to so fill the blanks as to

make the notes payable at the first national bank of Marshall-town, and therefore the alteration was not material. The parties, however, contracted the note should be payable at a national bank. It was accordingly so made payable. This contract has been broken by one party without the consent of the other. By the contract, the kind of a bank where the note was payable, became, and was, material. We cannot say it is not, when the parties have said it was.

AFFIRMED.