JAMES MIDDAUGH, Respondent, v. JAMES ELLIOTT *et al.*, Appellants.

### Kansas City Court of Appeals, April 1, 1895.

1. **Promissory Note**: ALTERATION: INNOCENT HOLDER. An alteration by the holder of a promissory note, after delivery and without the consent of the maker, will invalidate the instrument in the hands of the party who made the change, or his indorsee for value without notice.

2. ———: ———: NEGLIGENCE. A promissory note drawn on a blank had 10 written in the interest blank. The 1 was skillfully erased and the 0 used as the upper portion of an 8. There was space on either side of the 10 as it stood in the blank. *Held*, that the makers were not guilty of negligence in leaving this uncanceled space in the interest blank, since such space was not used in effecting the forgery.

3. ———: ———: ———: SKILL. That the alteration was so adroitly accomplished that an ordinarily prudent man would not detect it, will not avoid the rule.

*Appeal from the Harrison Circuit Court.*—HON. PARIS
C. STEPP, Judge.

REVERSED.

*J. C. Wilson* for appellants.

(1) It is the law of this state that any alteration
of a written instrument, whether material or imma-
terial, after its execution, and whether before delivery
or afterwards, by a party interested in it, without the
consent of a party to and securities on such instru-
ment, will release and discharge such parties and
securities. *Haskell v. Champion,* 30 Mo. 136; *Ivory v.
Mitchell,* 33 Mo. 398; *Trigg v. Taylor,* 27 Mo. 245;
*Britton v. Dierker,* 46 Mo. 591; *Bank v. Dunn,* 62 Mo.
79; *Moore v. Hutchinson,* 69 Mo. 430; *Bank v. Fricke,*
75 Mo. 180; *Morrison v. Garth,* 78 Mo. 438; *Hord v.
Taubman,* 79 Mo. 101; *Bank v. Packing Co.,* 4 Mo.
App. 200; *Lunt v. Silver,* 5 Mo. App. 186; *Robinson
v. Berryman,* 22 Mo. App. 509; *Moore v. Bank,* 22
Mo. App. 684; *Lammer v. Machine Co.,* 23 Mo. App. 471;
*Burnham v. Garnell,* 47 Mo. App. *loc. cit.* 639; *Bank
v. Myers,* 50 Mo. App. 157; *Bank v. Bosserman,* 52
Mo. App. 269; *Brewing Co. v. Hazen et al.,* 55 Mo.
App. 277. (2) This is not a case where the defend-
ants loosely or carelessly drew an instrument with
blanks left for the payee to fill so that the maker
should be compelled to suffer, rather than an innocent
third party, for here the uncontradicted evidence is
that no blank space was left unfilled but that the same
was filled with the figures "10" and that those figures
had been altered, erased, taken out and changed to the
figure "8."

*A. F. Woodruff, Sallee & Goodman* for respondent.

(1) Where a party to a negotiable promissory note permits it to be so loosely drawn as to render the addition of words or figures, enlarging his liability, a matter of comparative ease, and such instrument is negotiated before maturity to an innocent purchaser for value, the maker will be held bound by the alteration, though fraudulently made, if made in such a manner as not to place a man of ordinary prudence on the alert. *Bank v. Armstrong*, 62 Mo. 59, *loc. cit.* 62; *Trigg v. Taylor*, 27 Mo. 245, *loc. cit.* 248; Tiedeman, Com. Paper, sec. 397, and note 1; *Garrard v. Hadden*, 5 Am. Rep. (Pa.) 412; *Phelan v. Moss*, 5 Am. Rep. (Pa.) 402; *Yocum v. Smith*, 14 Am. Rep. (Ill.) 120; *Rainbolt v. Eddy*, 34 Iowa, 440; *Noll v. Smith*, 64 Ind. 511; *Blakey v. Johnson*, 13 Bush. (Ky.) 107; *Brown v. Reed*, 79 Pa. St. 370; *Gillaspie v. Kelly*, 41 Ind. 158; *Redlich v. Doll*, 54 N. Y. 234; *Spitler v. James*, 32 Ind. 202; *Fordyce v. Kosminski*, 49 Ark. 40; *Abbott v. Rose*, 62 Me. 194; *Harvey v. Smith*, 55 Ill. 224. (2) Whether or not the defendants were negligent in signing their names to a note in controversy and issuing it as negotiable paper was a question of fact for the jury. *Brown v. Reed, supra; Leas v. Walls*, 101 Pa. St. 57.

GILL, J.—This is an action on a promissory note alleged to have been executed by defendants, Elliott and George, Sheridan, and Charles Henry. Plaintiff is an indorsee, for value, before maturity. The defense was *non est factum*, based on the charge that the note had been altered after delivery, and without authority of the makers, by erasing the rate of interest written in the note and inserting another and different rate.

The evidence on the part of the defendants, without substantial contradiction, establishes this state of facts:

In December, 1891, defendant Elliott bought of one E. A. Wilson a span of ponies, for which he and the other defendants made and delivered a promissory note, due twelve months after date. The note was prepared from a printed blank, with a space left for inserting the rate of interest. Before, however, the note was signed and delivered, this space was filled in by the figures 10, so that the instrument bore interest from date (if not paid when due), "at the rate of ten per cent. per annum." Shortly after getting possession of the note, Wilson, in his efforts to negotiate the instrument, learned that the rate of interest named was usurious, and he applied to the defendants to make another in its place, providing for eight per cent. interest, but they refused.

Subsequently, and before maturity, plaintiff purchased the note at a discount. The evidence, however, tends to prove that before plaintiff's purchase, the figures 10 had been erased and 8 written in the space indicating rate of interest. But there is no testimony in any way implicating plaintiff in the forgery, or tending to prove that he had any knowledge thereof. The testimony, however, is overwhelming, indeed conclusive, that the note as prepared, signed and delivered by defendants, provided on its face for ten per cent. interest, and that it was subsequently, without the consent or authority of defendants, changed so as to carry eight per cent. interest.

The issues were submitted to the jury on instructions from the court, resulting in a verdict and judgment for plaintiff, and defendants appealed.

The theory of law upon which the cause was tried will be readily seen by reference to the following instructions:

"The court further instructs the jury that if they believe from the evidence there was an alteration made

in the note sued on in this case, after it was signed and delivered, by erasing and changing the rate of interest expressed therein from ten to eight per cent., and that said rate of interest was so erased, changed and altered, without the authority or consent of the defendants, then the finding and judgment must be for the defendants, *unless they further believe from the evidence that said note was so loosely drawn as to permit such change or alteration in a manner not to excite the suspicion of an ordinarily prudent person upon examination thereof,* and this is true, whether the payee named in the note or his assignee may have been guilty of the alteration." Leaving out the italics and we have the instruction as requested by defendants. The court modified it by adding the words "unless they further believe from the evidence that said note was so loosely drawn," etc. This same theory appears in all the instructions given.

The appellate courts of the state have held to the strict rule, that any alteration by the holder of a promissory note, after delivery and without the consent of the maker, will invalidate the instrument, whether in the hands of the party who made the change or his indorsee for value, without notice. *Bank v. Fricke,* 75 Mo. 178; *Bank v. Myers,* 50 Mo. App. 157; *Bank v. Bosserman,* 52 Mo. App. 269, and cases cited. This doctrine is not here denied. But there was an attempt to save the plaintiff's right of recovery on the theory, which qualifies the foregoing rule, that the defendant signed and issued an instrument, so carelessly drafted as to invite a change in its terms, and that, therefore, having negligently opened a way and facilitated an easy alteration, they ought to suffer the consequences of their own negligent act.

We find no fault with this proposition in the abstract. The doctrine has the support of the text writers and of our own supreme court. Tiedeman on Com.

Paper, sec. 397; *Trigg v. Taylor*, 27 Mo. 245-248; *Bank v. Armstrong*, 62 Mo. 59-67. But there is no room for its application in the case at bar. This is not a case where the makers of the note left an unfilled or uncanceled blank, which the holder subsequently filled. The blank, provided in the printed form, had inserted therein, before the instrument left the hands of the makers, the figures 10, written in with ink, and these were subsequently erased and the figure 8 placed instead. It is true that the figures originally placed did not cover or occupy the entire blank left for specifying the rate of interest; yet, conceding this, and it must be admitted that the forger did not avail himself of the blank space left unoccupied, but scratched out the figures 10 as written and inserted 8 in the same place. In other words, the blank in the note, occurring just before the figures 10, was not used. If, then, it was negligence to leave this space in the face of the note, it can not affect the case in hand, since such negligence had nothing to with the subsequent alteration. It did not in any manner facilitate, invite, or aid the erasure of the figures 10 and substitution of the figure 8. The evidence quite satisfactorily shows that the change was affected by scratching off the figure 1 and making 8 of the 0, using the cipher as the upper portion of the forged number.

That the alteration was so adroitly accomplished that an ordinarily prudent man would not detect it, will not avoid the rule. As said by Judge RICHARDSON in *Trigg v. Taylor*: "The application of this principle is not affected by the skillfulness with which the alteration is made, or the probability that the closest observer will fail to discover it."

On the undisputed facts of the case, as they were developed at the trial, the plaintiff was not entitled to recover. The judgment, therefore, will be reversed. All concur.