A. J. DUNLAP v. F. H. STANNARD, *doing business as* F. H. STANNARD & CO.

(Filed September 5, 1907.)

(91 Pac. 845.)

1.    APPEAL—Review—Evidence—Findings Not Disturbed, When. Whether a contract of guaranty has been materially changed or altered is a question of fact for the court or jury, and the finding thereon will not be disturbed on appeal, where it is reasonably sustained by the evidence.

2.    INTEREST— Guaranty — Limitation — Judgment to Conform. Where a contract of guaranty limits the amount of the indebtedness to be paid, and provides that it shall be without interest, it is error to include interest before judgment in the assessment of the amount of recovery.

(Syllabus by the Court.)

*Error from the District Court of Kiowa County; before J. L. Pancoast, Trial Judge.*

Modified and affirmed.

*Keys, Rummons & Cline,* for plaintiff in error.

*Tolbert, Berry & Hays,* for defendant in error.

Opinion of the court by

HAINER, J.:    This is an action brought by F. H. Stannard, doing business under the firm name of F. H. Stannard & Co., against Jones Bros. & Co. and A. J. Dunlap to recover the sum of $1,450.00, together with interest, on a verified account and a written contract of guaranty executed by A. J. Dunlap. A jury having been waived, the cause was tried to the court, and judgment was rendered in favor of the plaintiff and against the defendants for the sum of $1,717.29. From this judgment the defendant A. J. Dunlap appeals.

The written instrument of guaranty upon which the plaintiff in error was held liable is as follows:

"November 6, 1902. I hereby guarantee that the firm of Jones Brothers & Company, of Hobart, O. T., will pay in cash to F. H. Stannard & Co., of Ottawa, Kansas, a sum not to exceed one thousand four hundred and fifty dollars, without interest. One-half to be paid December 1, 1902, and one-half April 1, 1903. The consideration for said sum of money being nursery stock of the value wholesale of above mentioned amount. To be shipped to said Jones Brothers & Company, at Hobart, O. T., as per contract. This guarantee to take the place of a similar one, dated October, 1902, and supposed to be lost in the mails.

"A. J. DUNLAP."

It is contended by the plaintiff in error that the contract between Stannard & Co., and Jones Bros. & Co. was materially changed or altered, and that thereby Dunlap was relieved from liability. Whether the contract of sale was materially altered or changed was a question of fact that was submitted to the court, and its finding, if reasonably sustained by the evidence, will not be disturbed by this court. We think the evidence fully sustains the finding of the trial court upon this point, and no other reasonable conclusion could have been reached by the court upon the evidence submitted.

It is contended by the plaintiff in error that the court committed error in assessing the amount of the plaintiff's recovery. It appears that the court included in its judgment interest at the rate of seven per cent. per annum from the time of the maturity of the obligations. The contract of guaranty expressly provided that the plaintiff in error should not be liable in a sum exceeding fourteen hundred and fifty dollars, without interest. Manifestly, when the defendant in error accepted the contract of guaranty, he accepted it subject to all the terms, conditions, and limitations contained in the instrument, and the plaintiff in error could not be held for a greater sum. It follows that the court erred in including interest in the judgment against the plaintiff in error, and to that extent the judgment of the court below is hereby modified.

It is also contended by the plaintiff in error that, if he is liable at all on his contract of guaranty, then he is entitled to a credit of the sum of $342.87. It appears that at the time of the purchase of the nursery stock by Jones Brothers & Co. the bill amounted to the sum of $1,792.87, on which amount Jones Brothers & Co., at the time, paid in cash the sum of $342.87, thus reducing the amount of the bill to $1,450.00, the amount mentioned in the contract of guaranty. Plaintiff in error contends that he only guaranteed the payment of the sum of $1,450.00, and that on that amount he should have credit for the said sum of $342.87. There is no merit in this contention. The plaintiff in error expressly obligated himself to pay the sum of $1,450.00, one-half of which was to be paid on December 1, 1902, and the other half on April 1, 1903. There was no limitation in the contract of guaranty upon the amount of nursery stock to be purchased by Jones Brothers & Company, but only a limitation upon the amount to be guaranteed by Dunlap, which was the sum of fourteen hundred and fifty dollars, payable one-half on December 1, 1902, and the other half on April 1, 1903. Hence the plaintiff in error is liable for the sum of $1,450.00, the amount of credit extended by Stannard & Company to Jones Brothers & Company at the time of the purchase of the stock, and for which the written guaranty of the plaintiff in error was given, together with interest at the rate of seven per cent. per annum from the date of the rendition of the judgment until the same is paid. Nor does the fact of the payment of the said sum of $342.87 by Jones & Company upon receipt of the shipment of the stock in any manner change or alter the terms of the contract of guaranty.

We find no other error in the record, and the judgment of the court below, as modified, is affirmed; costs of this appeal taxed to the defendants in error.

Pancoast, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.