## GERMAN-AMERICAN BANK v. HENNIS *et al.*

No. 4682.    Opinion Filed June 22, 1915.

Rehearing Denied December 21, 1915.

(153 Pac. 671.)

1. **APPEAL AND ERROR—Findings of Fact—Evidence.** Where a case is tried by the court without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence.

2. **BILLS AND NOTES—Bona Fide Purchaser—Alteration.** Under sections 3592, 3593, Wilson's Rev. & Ann. St. 1903, where a negotiable promissory note under date of December 2, 1905, is executed and delivered, and the payee alters same by erasing the name of one of the makers, which is without the consent of the comakers,

and thereafter for value and without notice assigns same, such note is void in the hands of such assignee as against all of the comakers.

(Syllabus by Watts. C.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by the German-American Bank against W. J. Hennis and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Morse & Standeven* and *W. A. Phelps,* for plaintiff in error.

*George L. Zink* and *Joseph H. Cline,* for defendants in error.

Opinion by WATTS, C. This case was appealed from the district court of Kiowa county, where the plaintiff in error was plaintiff, and defendants in error were defendants.

The petition states that on December 2, 1905, defendants for valuable consideration made, executed, and delivered to McLaughlin Bros. their certain joint and several negotiable promissory note, whereby they agreed to pay to McLaughlin Bros. or their order the sum of $1,200, September 1, 1909, interest at 6 per cent. before maturity, 10 per cent. thereafter until paid; that defendants had made various payments reducing the note to $1,000; that the note, for valuable consideration and before maturity and without notice, had been indorsed and transferred to plaintiff; that demand for payment had been made and refused, praying judgment, etc. Copy of note is attached to petition, viz.:

German-American Bank v. Hennis et al.

"1200.00                    HOBART, O. T., Dec. 2, 1905.

"Sept. 1, 1909, after date for value received we jointly and severally promise to pay McLaughlin Bros. or order Twelve Hundred Dollars, at the First National Bank of Hobart, O. T., with interest at 6 per cent. per annum, before maturity, and thereafter with interest at 10 per cent. per annum until paid; interest with note.

| | |
|---|---|
| "W. J. HENNIS. | M. A. WALSH. |
| "J. B. TOSH. | A. A. BISHOP. |
| "R. M. COHON. | J. E. WILLIAMS. |
| "F. J. WRIGHT. | R. KROSSA. |
| "E. C. LAUGHLIN. | R. R. FITZGERALD. |
| "W. R. COFFEE. | J. K. FITZGERALD. |
| "E. J. BELDING. | J. A. BROWN. |
| "G. E. NEAL. | J. A. MARION. |

"Protested for nonpayment Sept. 1, 1909.
                    "CLAUDE TUTTLE, *Notary Public.*
"Com. expires Nov. 27, 1909."

Indorsement on note:

"Recd. $66 on within note Dec. 2, 05.
"Recd. of Bell Izor $66.00 Dec. 2.
"Recd. of J. B. Tosh $66 in full of $66.00 obligation.
                    "MCLAUGHLIN BROS.
"MCLAUGHLIN BROS.

"Pay any bank or banker or Trust Company for collection and remittance. Aug. 11, 1909. German-American Bank, Kansas City, Mo., H. C. Lambert, Cashier.

"No. 1436. German-American Bank, a Corporation, Plaintiff, v. W. J. Hennis *et al.,* Defendant. Petition."

Defendants answered by general denial, but admitted the execution of the note and various payments, alleging, however, that after execution of the note and delivery thereof the payees, McLaughlin Bros., disfigured,

erased, and removed from the note the name of Bell Izor, one of the makers, praying that plaintiff take nothing, and for judgment for costs. To the answer plaintiff replied by general denial to new matter.

The case was called for trial May 4, 1911, jury was impaneled, and the evidence taken. Parties stipulated that if there was an alteration of the note, defendants did not authorize or consent thereto; that defendants executed and delivered to the payees the note, which was transferred to plaintiff before maturity for value without notice of any equities; that payments shown on note were made by defendants; that demand for payment had been made and refused; that $1,227.28 and interest from September 1, 1909, at the rate of 10 per cent. was the correct amount due, if defendants were liable, and if there had been any change in the note plaintiff did not make it and had no notice of same. At the conclusion of the evidence parties agreed to the discharge of the jury and the submission of the case to the court upon questions both of law and fact.

The case was taken under advisement until August 31, 1912, on which date the trial court found for the defendants, and rendered judgment in their favor for costs. Motion for new trial was overruled, exception taken, and plaintiff appeals and urges a reversal of the judgment for the following reasons:

"First. The alleged erasure of Bell Izor's name was made before the note was executed and delivered by the makers to the payees therein.

"Second. The plaintiff in error was and is the *bona fide* holder and owner of the note before maturity for value and without any notice whatever of any existing equities, and is entitled to recover."

With counsel's first contention we cannot agree. Evidence in plaintiff's behalf consists of the note in question and the stipulation of attorneys. Defendants' several witnesses unquestionably sustain their answer as to the time the name of Izor was erased, and the trial court properly so found.

We therefore apply the settled rule of this court:

"Where a cause is tried without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence, and when the finding is general it includes all facts necessary to support the claims of the party in whose favor the judgment is rendered, and upon appeal this court will not review the evidence, if it reasonably tends to support the issues upon which such finding is made, to determine the sufficiency thereof. *Hunter Realty Co. et al. v. Spencer*, 21 Okla. 155, 95 Pac. 757 [17 L. R. A. (N. S.) 622]; *Lookabaugh v. Bowmaker*, 21 Okla. 489, 96 Pac. 651; *Saxon v. White*, 21 Okla. 194, 95 Pac. 783; *Brewer v. Black*, 5 Okla. 57, 47 Pac. 1089; *Meyer Bros. Drug Co. v. Kelley*, 5 Okla. 118, 47 Pac. 1065; *Craggs et al. v. Earls*, 8 Okla. 462, 58 Pac. 637; *Vandenburg v. Walton Lumber Co.*, 19 Okla. 169, 92 Pac. 149; *Gaffney v. Cline et al.*, 19 Okla. 197, 91 Pac. 855; *Dunlap v. Stannard*, 19 Okla 232, 91 Pac. 845." (*McCann .v. McCann et al.*, 24 Okla. 271, 103 Pac. 697.)

Upon the second proposition counsel contend that notwithstanding the name of Izor was erased after the delivery of the note, it was without the knowledge of the plaintiff, the assignee, and if at all, it was while the property of McLaughlin Bros., the payee, and for this reason plaintiff should recover. We do not think that is the law governing the case. In fifth edition, 2 Daniel on Negotiable Instruments, it is said:

"Any change in the terms of a written contract which varies its original legal effect and operation, whether in respect to the obligation it imports, or to its force as a matter of evidence, when made by any party to the contract, is an alteration thereof.  *  *  *  And the effect of such alteration is to nullify and destroy the altered instrument as a legal obligation"—citing *Mersman v. Werges,* 112 U. S. 141, 5 Sup. Ct. 65, 28 L. Ed. 641; *Wood v. Steele,* 6 Wall. 80, 18 L. Ed. 725; *Angle v. N. W. Ins. Co.,* 92 U. S. 330, 23 L. Ed. 556; *Greenfield Sav. Bank v. Stowell,* 123 Mass. 196, 25 Am. Rep. 67; *Eckert v. Louis,* 84 Ind. 101, citing the text; *Adair v. England,* 58 Iowa, 316, 12 N. W. 277, citing the text; *Kulb v. United States,* 18 Ct. Cl. 565, citing the text; *Hodge et al. v. Farmers' Bank of Frankfort,* 7 Ind. App. 94, 34 N. E. 123, quoting the text; *Green v. Becker,* 3 Ind. App. 39, 29 N. E. 172; *Middaugh v. Elliott,* 61 Mo. App. 601.

The same author also defines an alteration:

"Section 1375.  In what alteration consists.  The alteration may consist in changing (1) its date, or (2) the time or (3) place of payment, or (4) the amount of principal, or (5) interest to be paid, or (6) the medium or currency in which payment is to be made, or (7) the number or the relation of the parties, or in (8) the character and effect of the instrument as matter of obligation or evidence."

"Section 1387.  In the seventh place, as to the parties to a bill or note, any change in the personality, number, or relations of the parties is, as a general rule, a material alteration.  *  *  *  When there are several makers or cosureties, the addition of another maker or cosurety constitutes a material alteration; for the addition of another maker destroys the integrity of the original contract; and the addition of another cosurety changes the right of the sureties in respect to the proportion of contribution for which each is liable to the others.  And the erasure of the name of one of two drawers or makers,

\* \* \* is likewise a material alteration"—citing *Mason v. Bradley,* 11 M. & W. 590; *Gillett v. Sweat,* 1 Gilman (6 Ill.) 475; *Callandar v. Kirkpatrick* (Scotch case); Thompson on Bills (Wilson's Ed.) 112.

Volume 3, Randolph on Commercial Paper, lays down the following rule:

"Section 1748. In like manner, the consent of all is necessary to the erasure of any one maker"—citing *Barrington v. Bank,* 14 Serg. & R. (Pa.) 405. "The cutting off of the name of a joint maker renders the note void"—citing *Piercy's Heirs v. Piercy,* 5 W. Va. 199; *Gillett v. Sweat,* 1 Gilman (6 Ill.) 475; *McCramer v. Thompson,* 21 Iowa, 244; *Broughton v. West,* 8 Ga. 248.

Ogden on Negotiable Instruments, sec. 188, reads as follows:

"The general rule as to whether or not the alteration of a bill or note would operate as a discharge of the instrument depends upon the effect produced upon the instrument by such alteration. \* \* \* If it is a material alteration it is held to be a discharge of the instrument as to all parties liable except as to the party who has himself made, authorized, or assented to the alteration."

In *Commonwealth National Bank of Dallas v. Baughman,* 27 Okla. 175, 11 Pac. 332, upon the question of *bona fide* holder without notice of an alteration, Judge Hayes said:

"A material alteration of a note by the payee or holder without the consent of the maker avoids it against the maker, even in the hands of a *bona fide* holder, without notice of such alteration"—citing *Overton v. Matthews et al.,* 35 Ark. 146, 37 Am. Rep. 9; *Horn v. Newton City Bank,* 32 Kan. 518, 4 Pac. 1022.

Further quoting:

"Whether an alteration is material does not depend upon whether it increases or reduces the maker's liability. The test is whether the instrument, after the alteration, expresses the same contract; whether it will have the same operation and effect after the alteration as before. If the change enlarges or lessens the liability, it is material, and vitiates the contract."

In the above case the rate of interest was changed from "ten" to "eight" per cent. by the payee, and thereafter indorsed to the Commonwealth National Bank, who claimed to hold without notice of the alteration. The authorities supporting our view are very numerous, and it will be unnecessary to add additional citations. The cases cited by counsel for the plaintiff do not involve a material alteration of an instrument as in the case at bar and the one by Judge Hayes, *supra,* but equities of a nature not analogous to the instant case.

Therefore, finding that the alleged errors are not well taken, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.