[No. 28263. Department One. March 1, 1941.]

ALICE F. GREGORY, *as Administratrix, Appellant,* v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, *Respondent.*[1]

[1]Reported in 110 P. (2d) 847.

646

*Clarke, Heussy & Lemargie* and *Jerome K. Kuykendall,* for appellant.

*Karr & Gregory,* for respondent.

BLAKE, J.—In 1925, Emma R. Honn died testate at Redding, California, leaving a considerable estate there. By her will, she made a number of individual bequests, among which was one of three thousand dollars "to my nephew George W. Gregory of *Spokane,* Washington, . . . " She named her nephew, George W. Gregory of *Seattle,* Washington, as executor and residuary legatee of her will. She had no nephew by that name living in Spokane, but she did have a brother, George W. Gregory, living at Moscow, Idaho. After the nephew, George W. Gregory of Seattle, had qualified as executor, the brother, George W. Gregory of Moscow, entered a contest of the will, asserting that the bequest to the "nephew George W. Gregory of Spokane" was intended for him, George W. Gregory of Moscow. The executor, Gregory of Seattle, conceded that such was Mrs. Honn's intention and entered into a contract, under date of September 7, 1927, with Gregory of Moscow, the pertinent provisions of which are as follows:

"WHEREAS, under the last will and testament of Emma R. Honn, deceased, she bequeathed to George M.

Gregory, a nephew, of Spokane, Washington, the sum of $3000.00, and whereas said George W. Gregory, a brother of said deceased, has not been named in said will and testament,

"Now, therefore, in consideration of the premises, it is hereby mutually understood by and between the parties hereto, 'that George W. Gregory, executor of the last will and testament and legatee named in said will, hereby consents for the consideration hereinafter named, that George W. Gregory, a brother, be substituted in place and stead of George W. Gregory, a nephew, and George W. Gregory shall receive the sum of $3000.00 left by the last will and testament of Emma R. Honn, deceased, to George *M.* Gregory, a nephew, of Spokane, Washington, and share in the distribution of said estate the same as if specifically named therein.'

"And said George W. Gregory, a brother, . . . hereby agree[s] with the said George W. Gregory *to waive any and all claims of any kind and nature for the payment of interest by the said George W. Gregory, executor on the specific legacy left to the said George W. Gregory, a brother,* . . .

"Provided, further, that the said George W. Gregory, executor in the last will and testament of Emma R. Honn, deceased, hereby agrees to pay over to the undersigned . . . George W. Gregory, a brother, . . . [his] *proportionate share of all funds coming into the hands of executor of the last will and testament of Emma R. Honn, deceased,* every year hereafter, as often as practicable, at least once a year until the said . . . [legacy is] paid in full." (Italics ours.)

Subsequently, but prior to May 14, 1928, the executor, Gregory of Seattle, paid to Gregory of ·Moscow six hundred dollars pursuant to the terms of the contract. The latter, however, had not waived or withdrawn his contest of Mrs. Honn's will. On the date mentioned, May 14, 1928, the executor, Gregory of Seattle, executed a bond with the Fidelity and Casualty Company of New York, as surety, to Gregory

of Moscow, as an inducement to the latter to withdraw his contest. The essential terms of the bond are as follows:

"KNOW ALL MEN BY THESE PRESENTS that We, George W. Gregory, as principal, and The Fidelity and Casualty Company of New York, a corporation, organized under the laws of the State of New York, and duly authorized to transact a general surety business in the State of Washington, as surety, are held and firmly bound unto George W. Gregory, of Moscow, Idaho, in the full sum of $2500.00, lawful money of the United States of America, to be paid to the said George W. Gregory, of Moscow, Idaho, *for which payment, well and truly to be made, we bind ourselves, our heirs, executors, administrators and successors, jointly and severally, firmly by these presents.*" (Italics ours.)

Gregory of Seattle died in 1931. Pursuant to the terms of the contract, he had made payments to Gregory of Moscow in the total amount of $1,612.50, leaving a balance then due the latter of $1,387.50.

After the death of Gregory of Seattle, the estate of Mrs. Honn was administered and closed by the public administrator of Shasta county, California. April 5, 1937, by decree of the superior court of that county, the residuary estate was distributed to the administrator with the will annexed of the estate of George W. Gregory of Seattle. Thereafter, Gregory of Moscow having died, the administratrix of his estate brought this action against defendant to recover on the bond executed by it as surety, guaranteeing the performance by Gregory of Seattle of his contract with Gregory of Moscow.

The complaint was drawn on the theory that Gregory of Seattle had received moneys from the estate of Mrs. Honn sufficient to pay the special bequest in full. In other words, that he had failed to pay Gregory of Moscow his "proportionate share of the

funds coming into . . . [his] hands as the executor of the last will and testament of Emma R. Honn, . . ." Prior to the trial, plaintiff filed a supplemental complaint setting up the additional facts heretofore noted: That the Honn estate had been closed and its assets distributed to the representative of the estate of Gregory of Seattle; that the assets so distributed were more than of sufficient value to pay the balance of $1,387.50 due under the contract.

Plaintiff offered no evidence which tended to prove that Gregory of Seattle had failed to pay to Gregory of Moscow the latter's "proportionate share of the funds coming into . . . [his] hands as the executor . . ." On the contrary, it was conclusively established that Gregory of Seattle had paid to Gregory of Moscow more than the latter's proportionate share of the funds received by the former as executor of Mrs. Honn's estate.

Construing the contract and bond in the light of these facts, the trial court concluded that the condition of the bond was satisfied, the theory being that the agreement of Gregory of Seattle was to pay from particular funds as they came into his hands as executor; that Gregory of Moscow having received his proportionate share of the funds which came into the hands of the executor, the bond was exonerated. Judgment was accordingly entered dismissing the action. Plaintiff appeals.

■ While some contention is made that the obligation of Gregory of Seattle under the contract was absolute, we think it clear that he was obligated only to pay Gregory of Moscow out of funds coming into his hands from the Honn estate. In other words, it was an undertaking merely to pay if and when the funds were collected.

■ Such construction of the contract does not, however, give the answer to the problem presented here. Clearly, the obligation undertaken by Gregory of Seattle was one which survived him and constituted a liability against the representative of his estate (*Macdonald v. O'Shea,* 58 Wash. 169, 108 Pac. 436, Ann. Cas. 1912A, 417) if and when the latter should come into possession of funds of the Honn estate available for distribution to the legatee.

■ As has been pointed out, the assets of the Honn estate have been distributed to the personal representative of the estate of Gregory of Seattle. That the value of such assets was sufficient to pay the balance due the estate of Gregory of Moscow, is not disputed. Although respondent suggests that these assets do not constitute "funds" in contemplation of the contract, neither it nor the personal representative of Gregory's estate will be heard to say so; for even though the obligation be to pay from a particular fund only, the obligor will not be permitted to escape liability where failure to realize or collect the fund is due to his own neglect or to his unreasonable refusal to act. 17 C. J. S. 939, § 456-d.

[4] Since, under these facts, the administrator of Gregory's estate is obligated to carry out the terms of the contract, the guarantor of the obligation is also liable; for the bond, in express terms, guarantees performance by Gregory, his "heirs, executors, administrators and successors, jointly and severally, . . ." *Macdonald v. O'Shea, supra.*

■ The appellant claims interest upon the balance due under the contract from the date of the decree distributing the assets of the Honn estate to the administrator of the Gregory estate. By the terms of the contract, Gregory of Moscow agreed *"to waive any and all claims of any kind and nature for the*

*payment of interest by the said . . . executor . . .*"
(Italics ours.) In the face of such a stipulation in a contract of guaranty, interest is not allowable before judgment. *Dunlap v. Stannard,* 19 Okla. 232, 91 Pac. 845.

■ Respondent urges the judgment must be affirmed in any event because of a fatal variance between the theory of the case advanced in appellant's complaint and that in her supplemental complaint. This contention is based on allegations contained in the original complaint and carried into the supplemental complaint, to the effect that Gregory of Seattle diverted to his own use funds received from the Honn estate which should have been paid to Gregory of Moscow.

In our opinion, these allegations did not change the character of the cause of action set up in either complaint. In each, the cause of action was clearly predicated on the contract. The case was tried on the theory that there had been a breach of the contract on the part of the personal representative of Gregory's estate to carry out the obligation after he, the representative, had received assets of the Honn estate sufficient to meet it. While this was a change of theory, it did not constitute a fatal variance. See Rule VI, subds. 2 and 3, of the Supreme Court, 193 Wash. 42-a; *Ray v. Hill,* 194 Wash. 321, 77 P. (2d) 1009.

The judgment is reversed, and the cause remanded with directions to enter judgment for appellant in the sum of $1,387.50.

ROBINSON, C. J., STEINERT, MAIN, and DRIVER, JJ., concur.