# WHEELING.

## DOONAN *v.* GLYNN, *et al.*

Submitted June 13, 1885.—Decided July 3, 1885.

1. A plaintiff in equity can not obtain relief by alleging one ground or state of facts on which he claims the relief in his bill and by his proofs establishing a different ground or state of facts entitling him to relief. The *allegata* and the *probata* must correspond in all material respects, or relief will be denied. (p. 228.)

2. But if in such case the proofs show that the plaintiff has a cause which entitles him to relief, that it is of a similar nature to that alleged in his bill, and such as might be made available by proper amendments of his bill, the Court on the hearing should not dismiss his bill without giving him an opportunity to amend within a reasonable time. (p. 228.)

The facts of the case will be found in the opinion of the Court.

*J. T. McGraw* for appellant.

*Martin & Woods* for appellee.

SNYDER, JUDGE:

John Doonan filed his bill at the June rules 1883, in the circuit court of Taylor county against Patrick Glynn and L. S. Johnson. The bill avers, that the plaintiff, in the spring of the year 1873, sold to the defendant Glynn a lot in the town of Grafton, designated as lot No. 77 on Fetterman's plat of said town, for the sum of $——; that upon a settlement had between him and said defendant about May 10, 1873, defendant was found indebted to him $250.00 on account of said purchase, for which the defendant on that day executed to him his bond payable one day after date; that on the

same day he executed and delivered to said defendant a deed for said lot retaining on the face thereof a lien upon the lot for said $250.00; that said deed has never been admitted to record in said county; that said $250.00 remains wholly unpaid and is a lien on said lot; that by deed dated January 11, 1882, said defendant conveyed to his co-defendant Johnson, the fee of said lot subject to the life-estate of defendant Glynn; and the plaintiff prays that defendant Glynn may be required to file in the cause the deed made to him for said lot, and that said lot may be sold and said debt paid out of the proceeds, &c.

The plaintiff exhibits said bond with his bill and it recites that it is given for purchase-money of said lot No. 77, and is dated as stated in the plaintiff's bill.

Both defendants answered the bill, the defendant Johnson admits the conveyance of the lot to him as stated in the bill, but denies that the plaintiff retained a lien upon the face of the deed made by plaintiff to Glynn for said lot and refers to and adopts the answer of Glynn as to the facts re-stated therein.

The defendant Glynn states in his answer, that plaintiff in the spring of 1873 conveyed said lot to him by deed with general warranty, but denies that any lien was retained therein for the payment of said bond of $250.00; that he purchased said lot at the price of $300.00, and a few days thereafter paid the whole of the purchase-money, including the said bond of $250.00, by assigning to plaintiff a note for $300.00, executed to him by George Avington, which was paid to the plaintiff; that in May, 1873, he took possession of said lot, fenced it and built a small frame-house upon it in which he has ever since resided, and never until about eighteen months prior to the commencement of this suit did he learn that plaintiff pretended to have any claim upon said lot; that on January 30, 1882, plaintiff brought an action of ejectment against him and his co-defendant for said lot, in which such proceedings were afterwards had, that on March 27, 1883, a verdict and judgment were rendered in his favor; that in July, 1883, he placed said deed to him in the custody of plaintiff for safe-keeping upon the promise of plaintiff that he would return it upon request and the plaintiff still has it, though he falsely pretends the same has been lost knowing

that its production will refute his allegation that a lien was retained therein.

A transcript of the record of said action of ejectment duly certified from the circuit court of Taylor county, which shows that said action was instituted and prosecuted in said court with the result stated in the answer aforesaid, is exhibited.

The deposition of the plaintiff was taken on his own behalf and he testified, that he verbally sold said lot to Glynn, in the spring of 1873 for $350.00, and about the same time received a note from Glynn on George Avington for $300.00; that at the same time Glynn being unable to do so himself contracted with him to improve the lot and furnish the means therefor, Glynn stating that the house and lot would be good for the amount so expended; that in pursuance of this arrangement he had a house built upon the lot and made other improvements at a cost of over $160.00; that during the progress of the work, he had a settlement with Glynn, and he owed him $250.00, for which the aforesaid bond was given, and at the same time he gave Glynn a written title-bond for the lot, there having been no writings between them before that time; that the said $250.00 bond has never been paid; that some time after he delivered the title-bond, Glynn returned it to him, stating that he did not believe he could keep the property as the officers of the law were after him for being engaged in some illegal traffic; that since the last term of the court he had found the title-bond and produced it as a part of his deposition. On cross-examination he stated that about two years ago he had brought an action before a justice to recover the said lot claiming it to be his own; that he had also brought an action before the same justice against Glynn for the rent of said lot, and that these actions were dismissed, because the title was brought in question; that he testified in said actions and also in the ejectment case that he was the owner of the lot and said he never considered that Glynn, after he returned the title-bond, had any title to the lot, until the court decided against him; that after Glynn gave up the title-bond and said he could not keep the property or pay for it, he asked Glynn on several occasions either to pay for or surrender the property, and Glynn told him more than once that he would give

it up but afterwards declined to do so, and he brought suit against Glynn.

The title-bond referred to in the above deposition appears in the printed record to be dated May 16, 1873, but the person who wrote it testifies the date looks something like May 10, 1873. It recites that the consideration for the lot was $350.00 of which it acknowledges $115.00 had been paid and binds Doonan to make and deliver to Glynn a deed for the lot upon the payment of the purchase-money.

Neither of the defendants gave their depositions and no testimony was filed in their behalf other than as hereinbefore stated.

The cause was heard on November 19, 1883, upon the bill, answers and replications thereto, depositions and exhibits filed; and thereupon the court entered a decree dismissing the plaintiff's bill with costs, and he brought this appeal.

It is evident from the preceding statement of the pleadings and proofs that the case alleged by the former is not sustained by the latter. It is also plain that there never was in fact any deed made by the plaintiff to Glynn for the lot, for by the terms of the title-bond no deed was to be made until the purchase-money should be paid, and the evidence shows that this has never been done. The allegation of the bill, therefore, that a deed, with a lein retained on its face was made by the plaintiff to Glynn is a plain mistake.

It is apparent that the instrument executed and delivered to Glynn was the title-bond referred to and not a deed, and that the title to the lot and not a lien thereon was retained to secure the payment of the purchase-money.

It is well settled that no relief can be granted, unless the pleadings and proof agree and the one is sustained and established by the other. A plaintiff can not obtain relief by averring one state of facts or ground for relief in his bill and establishing a different state of facts or ground for relief by his proofs. The two must correspond in all material respects or the relief prayed will be denied. The plaintiff in this cause having failed to prove the allegations of his bill so as to entitle him to the relief prayed, was not in a situation to demand a decree in his favor. *Bougher* v. *Eichelberger*, 11 W. Va. 217. But in as much as the proofs showed that he had a cause of action of a similar nature to that alleged in

his bill and such as he might make available by proper amendments to his bill, the Court should not have dismissed his bill without giving him an opportunity to amend it. *Lamb* v. *Cecil*, 25 W. Va. 288.

The plaintiff averred in his bill that he had conveyed the title to the lot sought to be sold and retained a vendor's lien, which he asked the Court to enforce, while in the proof he shows that no such conveyance had ever been made, but that he had retained the title to secure his debt. The substance of these two grounds for relief is the same. The difference is merely in the form of the security which he has upon the lot sought to be subjected to his debt. It seems to me, therefore, plain it would be inequitable and unjust to dismiss his bill absolutely and place upon him in any new suit he might bring the hazard of being met by the defence of *res judicata.* I do not say such a defence would be sustained or that it would not, but I do not think the rules of equity require that we should in this cause compel the plaintiff to resort to a new suit to obtain relief.

The result of the action of ejectment, pleaded in the answer of the defendant Glynn, can not operate as an estoppel or bar to this suit. That action was founded on the assumption that the plaintiff had the legal title to the lot in controversy, and the court decided that he had no such title. This suit admits that the result of that suit settled the question that the title was in the defendants, and the plaintiff is now seeking to enforce his lien on the lot as the property of the defendants. It is true the defendants did not in fact have the legal title to the lot, but they hold as vendees of the plaintiff by a written contract, stating the purchase and the terms thereof, signed by him ; and this contract under our statute is just as effectual to defeat a recovery in ejectment as the possession of the legal title. Sec. 20, chap. 90, Code, p. 520.

For the reasons aforesaid I am of opinion that the decree of the circuit court be reversed ; and the cause is remanded to said court with directions to it to permit the plaintiff to amend his bill in the manner herein indicated, if he desires to do so, and if he fails to make such amendment in a reasonable time then to dismiss his bill finally.

REVERSED. REMANDED.