# CHARLESTON.

### CHRISTIAN *v.* VANCE *et al.*

Submitted January 18, 1896—Decided March 28, 1896.

1. EQUITY—CANCELLATION OF CONTRACT—MUTUAL MISTAKE.
     A party who seeks to cancel a contract of sale because of mutual mistake must allege and show himself prompt, eager, ready, and willing to place the other party to such contract in *statu quo.*

2. EQUITY PLEADING—AMENDMENT OF BILL.
     A bill in chancery can not be so amended as to introduce new matter, and entirely change the original purposes of the suit.

3. EQUITY—CLOUD ON TITLE—POSSESSION.
     A bill in chancery can not be maintained by a person holding a deed for, but out of possession of, a certain tract of land, to cancel as a cloud on his title the deed of another claimant (not a tax deed) who may be in possession of such land.

4. EQUITY—DISMISSAL OF BILL—RESERVATION OF LEGAL RIGHTS.
     It is improper to dismiss a bill in chancery, involving questions of title, for want of equity, without reserving the legal rights of the parties.

H. K. SHUMATE for appellant.

C. M. TURLEY for appellee, cited 1 Pom. Eq. Jur. § 385; 2 Id. § 839; Id. § 856; 52 Am. Dec. 212; 56 Am. Dec. 329; 73 Am. Dec. 250.

DENT, JUDGE:

In the Circuit Court of Logan county, at the July rules, 1890, Paren Christian filed his bill in chancery against John P. Vance *et al.*, in which he alleges that in March, 1875, he purchased of U. S. Hinchman, commissioner of school lands of said county, a tract of three hundred and seventy nine acres of land, but that said Vance had shortly afterwards, by fraudulent representation, obtained a deed for the land from the commissioner, and afterwards sold the land to defendant Avis, who had full knowledge of defendant Vance's fraudulent conduct in procuring a deed, and prays that said deed may be canceled as a cloud on his title, and that the present commissioner of school lands may make him a deed for the land.

The defendants' answer, denying all fraud, admits that plaintiff purchased the land at the sale made by said commissioner, but says he afterwards entered into a contract with defendant Vance, by which the latter was to pay him five dollars, and pay the purchase price of said land, and take a deed therefor.

Plaintiff then files his amended bill, in which he abandons the charge of fraud as contained in his original bill, but alleges, in accordance with the answers filed, that after he purchased the land of the school commissioner, he agreed that defendant Vance should have the land on payment of the purchase money and the sum of five dollars, but, at the time of such agreement, a mutual mistake was made as to where the land was situated, it not being the land that Vance wanted, nor that plaintiff intended for him to have; and he asks, for this reason, that the mistake be corrected, and the deed be canceled; but he makes no offer to place defendant Vance in *statu quo*, by payment of the purchase money, taxes, and expenses paid by him, but, as additional matter for relief, sets up that the three hundred and seventy nine acre-tract is covered by two other surveys of land purchased by him from the commissioner at the same sale, and he asks that said Vance's deed be canceled to the extent that it operates as a cloud on his title as to these two other tracts of land. For these he alleges he has a deed, but does not claim possession thereof.

Virtually the same answers are filed to the amended as to the original bill. The parties take proof, and, on submission of the cause, the court dismisses the bills, and from this decree plaintiff appeals.

The facts established by the proof show that in the year 1875 the plaintiff purchased several tracts of land of the commissioner of school lands of said county; that John P. Vance, defendant, proposed to have the sales set aside, but the plaintiff agreed with him, if he would not object to the sales, that he might have the three hundred and seventy nine acre-tract and another tract if he would pay the purchase money therefor and plaintiff five dollars. Vance did pay all the purchase money, and fully complied with his contract. Some time afterwards they learned that they were both mistaken as to where the three hundred and seventy nine acre-tract was situated. Plaintiff made no offer at that time to rescind the sale, and made none even up until the bringing of this suit, but allowed Vance for years to continue his ownership over said land, until he sold it to defendant V. Avis. As to the interlock of said land with the two other tracts purchased by the plaintiff, it was not discovered until just before the filing of the amended and supplemental bill.

Such being the facts in the cause, the plaintiff has failed to show himself entitled to the relief prayed. He who asks equity must do equity is a cardinal principle of equity. And it was the duty of the plaintiff to allege and prove that on the discovery of the mutual mistake, he became anxious, and was ready and willing, to rescind his contract, and place the defendant Vance in *statu quo*, and that he continued so, and was now ready and willing to do so. 21 Am. & Eng. Enc. Law, 84-86. But he neither makes such allegation nor shows it in his proof; hence he is entirely without equity as to the three hundred and seventy nine acre-tract. The interlock between it and the other two tracts is a matter brought in by way of amendment, entirely foreign to the original purposes of the suit, which was to correct a mutual mistake, relating only to the one tract; and, if such an amendment was allowed, it would be changing the original purpose of the suit into a compari-

son of titles as between the different tracts. Such amendment was therefore improper. *Piercy* v. *Beckett*, 15 W. Va. 444; *Seborn* v. *Beckwith*, 30 W. Va. 775 (5 S. E. 450); nor could the suit be maintained to cancel the defendant Vance's deed as a cloud on the plaintiff's title to the other tracts, from the fact that plaintiff fails to allege that, in addition to having legal title therefor, he had possession of the two tracts of land. The holder of the legal title or one having a deed therefor, but not in possession, has no right to file a bill to cancel the deed of another claimant not a tax deed, as a cloud on his title. He must first try his right at law. *Lamb* v. *Cecil*, 28 W. Va. 653; *Cresap* v. *Kemble*, 26 W. Va. 603; *Clayton* v. *Barr*, 34 W. Va. 290 (12 S. E. 704); *Vandorn* v. *Lewis County Court*, 38 W. Va. 267 (18 S. E. 579).

The Circuit Court erred, however, in dismissing the bills without reservation of the legal rights of the parties. To this extent the decree will be reversed, and the bills dismissed without prejudice, and in all other respects affirmed, with costs to the appellees, as the parties substantially prevailing.