# CHARLESTON.

## NEWTON *v.* KEMPER *et al.*

Submitted February 23, 1909. Decided November 2, 1909.

1. EQUITY—*Grounds of Relief—Forfeitures.*
     While a court of equity will, in a proper case, sometimes give relief against, it will never lend its aid in the enforcement of a forfeiture. (p. 132).

2. SAME—*Amendment of Bill—New Cause of Action.*
     While there is great liberality in courts of equity in per-

mitting amendments, the practice will not justify the amendment of a bill so as to substitute for the original an entirely new cause of action, wholly disconnected with the former. (p. 133).

3. SAME—*Decree—Saving Clause.*

Where a court of equity has not jurisdiction to decree relief, it is error to dismiss a bill without inserting in its decree a clause saving to the plaintiff, and, if need be, the defendant, the right to prosecute or defend any other proper suit or suits in respect to the matter complained of in bill or answer, or showing that the cause has not been decided on its merits; as such decree, without such saving clause, would be a bar to any subsequent suit predicated on the same facts. (p. 133).

4. APPEAL AND ERROR—*Costs—On Appeal—Party at Fault.*

Where plaintiff in such case superinduces the error, and is at fault in not asking the court, at the time of the decree, to dismiss the bill without prejudice, the decree will be modified and affirmed here, but costs will be adjudged against him. (p. 133).

Appeal from Circuit Court, Mason County.

Bill by Jennie M. Newton against Thomas H. Kemper and others. Decree for defendants, and complainant appeals.

*Modified and Affirmed.*

*B. H. Blagg* and *Chas. E. Hogg,* for Appellant.

*Rankin Wiley* and *Somerville & Somerville,* for appellees.

MILLER, PRESIDENT:

The decree appealed from dissolved the preliminary injunction stopping drilling for oil and gas by defendants under a lease from plaintiff, and dismissed her bill.

The plaintiff sought cancellation and removal of said lease as a cloud on her alleged title; charging the lease to be void for want of consideration, want of mutuality in the covenants, and for uncertainty in the description of the land; and because by its terms the lease, if otherwise valid, had become forfeited for failure of the lessee to drill a well on the premises as soon as the well, then being drilled on another tract, should be completed.

The lease recites a consideration of one dollar, acknowledgment of payment thereof, and that it was upon the further consideration of the covenants and agreements of the lessee therein. The lease appearing on its face to be valid and not void for want of mutuality as alleged, and plaintiff failing in her proof to show

the lease void for uncertainty in or want of description of the property leased, the bill stood alone as a bill to enforce an alleged technical forfeiture of the lease for failure to complete a well in sixty days, or to drill a well on the land as soon as the well should be completed on the other tract.

It is unnecessary, and, in view of the disposition we shall make of the case, it would perhaps be improper to express any opinion on the questions of the alleged forfeiture of the lease, or in respect to the rights of the parties in relation thereto.

It is familiar law, many times affirmed by this Court, that, while a court of equity will, in a proper case, sometimes give relief against, it will never lend its aid in the enforcement of, a forfeiture. *Headley* v. *Hoopengarner.* 60 W. Va. 626, 646; citing *Craig* v. *Hukill*, 37 W. Va. 523, and the text writers on Equity Jurisprudence.

On the hearing on bill, answer of defendant Kemper, and of H. A. and Annie L. Fry, the latter of whom intervened by petition and were made defendants thereto, the bill was dismissed. Besides asserting his rights and denying the invalidity or forfeiture of plaintiff's lease to him, Kemper denied plaintiff's title and asserted right to the oil and gas, and to continue drilling therefor under a prior lease from said Fry and wife; and both he and they in their answers denied that the reservation of "all the coal and other minerals underlying the surface of said land with the right to mine and carry the same away" in the deed from plaintiff's father to their predecessor in title, relied on by her, covered the oil and gas, and that plaintiff was without right to said oil or gas.

In view of the matter thus disclosed by these answers, the question is presented whether the court below, if requested, should have permitted plaintiff to amend and convert her bill into a bill to settle the conflicting claims of the Frys, and of Kemper under his lease from them, and to remove said lease as a cloud upon her title? and if not, whether the court erred in dismissing plaintiff's bill, without saving to the parties any rights they may have to prosecute or defend any other suits in respect to the matters complained of or asserted in bill or answers? The object of the bill was to stop defendant from drilling under plaintiff's lease, and to remove it as a cloud. Failing in that purpose, to have permitted her to amend and convert the bill into one

against Kemper and the Frys to remove the Fry lease to Kemper as a cloud on her title, would have been to wholly change the object and the relief sought by the original bill, a practice not permitted by our decisions, and the rules of equity practice. *Piercy* v. *Beckett*, 15 W. Va. 444; *Burlew* v. *Quarrier*, 16 W. Va. 108; *Christian* v. *Vance*, 41 W. Va. 754; *Edgell* v. *Smith*, 50 W. Va. 349, 353.

While great liberality is permitted in amendments, so long as the identity of the cause of action is preserved, we do not understand that any authority goes so far as to hold that the whole object of the bill may be changed thereby, and a new cause of action, wholly disconnected with the original, substituted for it. 1 Hogg's Eq. Proc., sections 326, 327; 1 Barton Ch. Pr. 346-7; 4 Minor's Inst. 1376. The case which has perhaps gone farthest in this direction is *Belton* v. *Apperson*, 26 Grat. 207, a case, however, not binding on us. But even in that case the identity of the cause of action was maintained; though the plaintiff was permitted to amend so as to obtain different relief, but with respect to the same cause of action. We conclude, therefore, that an amendment of the original bill, as suggested, could not properly have been permitted.

But we are of opinion that the court erred in dismissing the bill without inserting in the decree a clause saving to the plaintiff and defendants the right to prosecute or defend any other proper suit or suits at law or in equity in respect to the matters complained of in the bill or answers, or showing that the cause had not been decided on its merits, as such a decree, without such a clause, would be a bar to any subsequent suit or suits predicated on the same facts. *Frye* v. *Miley*, 54 W. Va. 324; *Teter* v. *Teter*, 65 W. Va 167 (63 S. E. 967, 968). The decree appealed from will therefore be amended by inserting such saving clause, and, as amended, affirmed.

As, however, the appellant superinduced said error, and was in fault in not asking the court, at the time of the decree, to dismiss the bill without prejudice, following the practice in *Frye* v. *Miley, supra*, and the cases cited therein, the modification and affirmance of the decree must be without costs to appellant in this Court, but costs will be adjudged to appellees here and in the court below.

. POFFENBARGER, JUDGE, *(concurring in part; dissenting in part):*

Except as to the refusal to remand with leave to the appellant to amend her bill and attack the Fry lease as a cloud on her title and thus bring before the court, for determination, the real controversy in the cause, the question of title to the oil and gas in place, I fully concur in the conclusions stated in the opinion and the result. The object of the original bill, viewed in the light of the case, subsequently developed by the answers and evidence, was the assertion and vindication of the appellant's claim of title to the oil and gas in place. The allegations of invalidity in, and forfeiture of, her own lease, and the prayer for an injunction to stop drilling, were simply means to the end, the main object. While the bill did not fully disclose this, the answer of the defendant set up the Fry lease as a defense, and the Frys themselves were made parties defendant, on their own application, and asserted title to the oil and gas in themselves, basing their claim thereto on the Moredock deed, construed by them as reserving only the solid minerals. If they are mistaken in this, their lease is void and can be canceled as constituting a cloud on appellant's title to the oil and gas, and whether they have title or not is a purely legal question, the construction of the reservation clause. Apparently there can be no issue of fact, calling for the intervention of a jury. If the Frys own the oil and gas, the amended bill would fail, not for want of jurisdiction, but for want of equity, since a court of equity can determine, in any proper case, whether a deed, lease or other muniment of title or right, respecting real estate, is really a mere cloud on the plaintiff's title, and incidentally, whether the plaintiff has title, unless the question of title is one of fact, requiring jury determination.

As the defendant was operating under two leases and the two claims to the oil and gas centered in him as such lessee, the plaintiff could have originally assailed both leases in the same bill, her own for uncertainty and lack of mutuality, and the other for want of title in the lessor, and prayed cancellation of both, and so incidentally vindicated her title, if good, and prevented the threatened injury to her alleged property. She ought to be permitted to do, by amendment, what she could have done by an

original bill, properly framed under the circumstances developed by the answer and evidence. "The matters in question arose out of the same transaction, and were so directly connected with each other, that they could well have been incorporated in one suit involving the determination of the rights of the parties with respect to the lands. The amendment had no other effect than to make the bill read just as it might have been originally prepared consistently with the rules of equity practice. Mr. Justice Harlan, in *Hardin* v. *Boyd,* 113 U. S. 756, 763. Practically the only limitation we have on the right of amendment, with leave of the court, is that the amended bill shall not make a new case, since the statute authorizes an amendment in furtherance of substantial justice in all cases. Notwithstanding the broad power of amendment, so given, we say the amended bill must not make a new case. New in what respect, form or substance? Plainly the latter, for amendment is the forensic weapon or instrument intended to prevent sacrifice of substance, right and justice to mere form and technicality. "Any imperfection in the frame of a bill may be remedied as often as occasion shall require." Cooper's Eq. Pl. 332; Story's Eq. Pl., section 885. "It seems to me that as soon as it appears that the way in which a party has framed his case will not lead to a decision of the real matter in controversy, it is as much a matter of right on his part to have it corrected, if it can be done without injustice, as anything else in the case is a matter of right." Bowen, L. J., in *Cropper* v. *Smith,* 26 Chy. D. 700, 711. "In deciding whether leave shall be granted to amend a bill or not, they (courts of equity) disregard mere matters of form, and simply consider whether the amendment is necessary or not to reach the real and substantial merits of the case. The duty of the Court, in such cases, is to see to it that the pleadings are put in such form that the real matter in controversy may be fairly tried and justly decided." Van Fleet, V. C., in *Feary* v. *Hayes,* 44 N. J. Eq. 425, 427. What is the issue disclosed, not by the bill only, but by the whole case? Plainly whether Kemper is entitled to drill under the Fry lease, or, differently stated, whether the appellant is owner of the oil and gas, and, therefore, has right to cancel that lease as a cloud on her title. This is the only matter of substance. Under some misapprehension, she has filed a bill which, tested by its terms, does not reach it, but

the whole case lays it before the court.    To deny right of amendment, because the form, frame or stated object of the bill does not come up to it, is to let form prevail over substance and right and turn parties out of court without deciding what they came into court to have settled.    An amended bill would adhere strictly to the original subject of controversy and do nobody any injustice.    It would simply conform to the case made by the proof and put in issue what the defendant as well as the plaintiff wants the court to decide.    So far, I have not found an "all fours" case, sustaining the position I take here, nor any such case against it.    Likely cases of each class can be found.    I stand on the general principles here stated.    The main reason for refusing leave to amend, in certain stages of a case, is the danger of surprise to the defendant, or hardship in requiring him to take his proof over again.    Sometimes it is justified by the bad faith of the plaintiff in attempting to baffle the defendant and deceive the court—mere dilatory conduct.    Nothing of the kind appears here.    Both parties want to make up and submit the very question we refuse to let them submit, and the amendment would conform to the answer and the proof taken.    "If after the defendant has put in his answer, the plaintiff thereby obtains new light, as to the circumstances of his case, he may amend his bill, in order to shape his case accordingly."    Story's Eq. Pl., section 855.    The amended bill need not adhere to the exact case set up in the original bill.    Similarity in character is enough.    *Doonan* v. *Glynn,* 26 W. Va. 225; *Lamb* v. *Cecil,* 25 W. Va. 288.

*Modified and Affirmed.*