OPIE HALTERMAN *et al.*

*v.*

CARL W. BURGESS *et al.*

(CC 703)

Submitted September 11, 1945. Decided October 2, 1945.

*H. G. Shores,* for plaintiffs.
*Emory Tyler* and *Arthur Arnold,* for defendants.

FOX, JUDGE:

This is a certified case from the Circuit Court of Grant County. The question certified is whether the amended bill filed in the cause presents a cause of action not germane to that stated in the original bill, and which should be asserted in a new suit. The demurrer to said amended bill, raising this question, was overruled by the trial court.

The original bill avers that on August 16, 1938, the plaintiff, Opie Halterman, was the owner of one hundred eighty-five acres of land, located in Union District of Grant County, and that he and his wife, Annie Halterman, made and executed a lease of the coal therein to the defendant Carl W. Burgess. The lease, among other things, provided that: "It is further understood and agreed that the party of the second part shall start work to open this mine or mines, within 15 days after the date of this writing." It is then averred that Burgess made no effort to open the mine referred to within the fifteen-day period; and that within a few months after the expiration of such period, when, as alleged Burgess was in default, plaintiffs notified him in writing not to start to operate, or attempt to open, any mine because of his breach of the lease agreement, and, particularly, that Burgess was notified by letter not to attempt to start to open any mine or mines on the premises covered by the lease. It is further averred that Burgess never opened any such mine, but operated a mine on adjoining property; that about the 27th day of January, 1941, plaintiffs received a letter from a firm of attorneys of Washington, D. C., inclosing a check for five dollars, purporting to be royalty on fifty tons of coal mined from the leased premises; that this was the first notice plaintiffs had that Burgess was still claiming under said lease; that as a matter of fact the mining was done by one Joseph Slaubaugh, one of the defendants herein; that the money so received, along with some other funds later sent them, was also returned; that plaintiffs had

never waived their rights in connection with the requirement in said written lease and agreement, as to the period within which the mine should be opened, the only negotiations had with Burgess being an effort to sell the coal under the leased premises, which failed for lack of agreement as to price. The prayer of the bill is that process issue; that Burgess, his agents, servants, and employees, and Joseph Slaubaugh, his agents, servants, and employees, be enjoined and restrained from mining coal from the leased premises; and that the amount of damages, including penalties as provided by law, be determined and assessed against them because of their improper and unlawful mining of coal from said tract; that the cause be referred to a commissioner to ascertain such damages and losses; and for general relief.

The defendant Burgess interposed his demurrer to the plaintiffs' bill, assigning numerous grounds, the gist of which is that the bill did not present grounds for equitable relief; that the plaintiff had an adequate remedy at law; and that there was no forfeiture of the lease averred in the bill. It appears that the defendant, Burgess, also filed his answer to the bill, to which a special replication was filed, and that depositions on the part of the plaintiff were taken and filed with the record; that depositions on the part of the defendant Burgess were taken, but not filed; and that depositions of plaintiffs in rebuttal were duly taken and filed. After all these proceedings were had, the defendant, Burgess, without withdrawing his answer, filed the demurrer mentioned above. There was a motion to strike the demurrer from the record, which was denied, and the court proceeded to pass upon the same. The court sustained the demurrer, with leave to plaintiffs to file an amended bill of complaint.

The plaintiffs then filed their amended bill of complaint, setting up the proceedings theretofore had in the cause. Plaintiffs, by way of amendment to the original bill, set up the lease executed by them to Burgess, dated August 16, 1938; the obligation or undertaking of de-

26

fendant Burgess to open a mine or mines on the property within fifteen days from the date thereof, and his failure to do so; that after some months' delay plaintiffs notified Burgess in writing that his failure to begin work in opening a mine on the leased premises had operated to forfeit his lease, and had created in plaintiffs a right to have the same cancelled, to which notice, it is alleged, Burgess did not reply; that plaintiffs had a right to believe that Burgess recognized that his default had forfeited his rights under the lease, and that it gave to plaintiffs the right to cancel, or to have said lease cancelled by judicial proceedings; and that it was not until early in 1941 that Burgess tendered to plaintiffs the amount of royalty referred to in the original bill. There are then the direct allegations that "this long, unreasonable and unconscionable delay on the part of said Carl W. Burgess in making, or attempting to make, an exploration or development under said lease, in law and in equity, constituted an abandonment of said lease", and that "because of the abandonment of the said lease as before stated the plaintiffs have a right, as they are informed, to have said lease cancelled and annulled". The bill then proceeds to aver the amount of royalty tendered for the coal actually removed from the leased premises, amounting to $24.90, but which, it is alleged, was returned to Burgess or his attorneys; that Burgess recognized and acknowledged that he had no lease, because of his failure to comply with the terms thereof, and negotiated with plaintiffs for the purchase of the coal mentioned therein, but such purchase was not consummated because the parties could not agree on the purchase price therefor. The prayer is that the original bill of complaint, the other pleadings on behalf of plaintiffs, depositions taken in chief and rebuttal, and all exhibits, be read in connection with the amended bill; that the lease aforesaid be cancelled; that Burgess, his agents, servants and employees, or any sub-lessee, be enjoined and restrained from mining coal under the lands of the plaintiffs, by virtue of the lease of August 16, 1938; that dam-

ages, including penalties, be determined and assessed against Carl W. Burgess on account of his actions and conduct; and for general relief.

There was a demurrer to this amended bill, referred to at one point as an "amended and supplemental bill." There are seven grounds of demurrer set out, but all of them bear upon the single question whether the amended and supplemental bill states a new and different cause of action from that averred in the original bill. As stated above, the court overruled this demurrer, and has certified the question arising thereon to this Court.

We think the ruling of the circuit court was plainly right. Code, 56-4-24, provides that: "plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant", but, in effect, limits this right by providing that such amendment may embrace a changing of the form but not the cause of action. This provision of the statute was inserted to conform to court decisions. Many cases hold that a declaration or bill in chancery cannot be amended so as to embrace new matter, and entirely change the original purpose of the suit. *Snyder* v. *Harper*, 24 W.Va. 206, 211; *Christian* v. *Vance*, 41 W.Va. 754, 24 S.E. 596; *Edgell* v. *Smith*, 50 W.Va. 349, 40 S.E. 402; *Newton* v. *Kempfer*, 66 W.Va. 130, 66 S.E. 102; *Gray* v. *Gray*, 120 W.Va. 498, 199 S.E. 361; *Morrison* v. *Judy*, 123 W.Va. 200, 13 S.E. 2d 751.

On the other hand, this rule has never been applied in such manner as to preclude a restatement of the same cause of action. In *Belton* v. *Apperson*, 26 Gratt. 207, the cases on this question were reviewed, and it was held: "these cases do not show that the plaintiff is permitted to make a new case, they at least show that he may by his amendment so alter the frame and structure of his bill as to obtain an entirely different relief from that asked for originally. This is founded upon good reason. Why should the plaintiff be put to a new bill for different relief upon the same transaction when the object can be

accomplished by an amendment. If there is danger that the defendant will be injuriously affected by the amendment it will be refused, and the suit will be considered as pending only from the time of the amendment." This principle seems to have been followed in *Lamb* v. *Cecil*, 25 W.Va. 288, and *Doonan* v. *Glynn*, 26 W.Va. 225. In *Rees* v. *Coal Mining Co.*, 88 W.Va. 4, 106 S.E. 247, this Court held: "The rule of equity pleading, inhibiting departure from the subject of an original bill, in an amended bill, does not forbid the introduction by amendment, of what are technically known as cases or causes of action, different from that set up in the original bill, but it does preclude introduction of causes of action foreign to the subject matter of the original bill, or the act, agreement or transaction out of which it arose. Causes of action clearly germane to the subject matter of the original bill may be introduced or added by way of amendment." There was some modification of this statement in *Gray* v. *Gray, supra*, but in *The First National Bank at Williamson* v. *King*, 121 W.Va. 290, 3 S.E. 2d 523, it was held: "Where the cause of action under a proposed amendment of a bill would remain in substance the same as in the original, there would be no departure, and the amended bill would relate back to the institution of the suit." In the case at bar, both the original and amended bills relate to the same tract of coal, involve the same parties and the same facts; both allege the lease of August 16, 1938, the provision that work on opening a mine should be begun within fifteen days from the date of the lease; the failure to do so; and notice to the lessee of the termination of his rights under the lease. The prayer of the original bill is for an injunction against further mining of the property and for an accounting. While clearly implied, the original bill did not make the direct allegation that the lessee had abandoned the lease, or that plaintiff was entitled to cancellation thereof, and apparently for this reason the demurrer thereto was sustained with leave to amend. The amended bill merely restates the facts alleged in the original bill

in a little different form, specifically alleges that the defendant Burgess' conduct operated as an abandonment of the lease, and then asks for its cancellation, and for an accounting. We do not think any of the cases cited in briefs of counsel would justify us in holding that, in the circumstances of this case, a new and different cause of action from that set up in the original bill was alleged in the amended bill. We think it is the same cause of action, and a mere restatement of the facts and additional allegations as to the effect thereof, accompanied by a prayer based upon such newly stated claims and demands.

We therefore affirm the ruling of the Circuit Court of Grant County and remand the case for further proceedings.

*Affirmed.*