CHARLES GROTTENDICK, *Guardian, Etc.*

*v.*

JAMES F. WEBBER

(No. 10088)

Submitted January 18, 1949. Decided March 15, 1949.

540

*Parrack, Snyder & Wehner, F. E. Parrack, Melvin C. Snyder,* and *Charles V. Wehner,* for appellant.

*Kermit R. Mason,* and *Thomas W. Lewis,* for appellee.

HAYMOND, PRESIDENT:

This is a suit in equity instituted in the Circuit Court of Preston County under the provisions of Section 11, Article 5, Chapter 41 of the Code of 1931. The plaintiff, Charles Grottendick, guardian of Mary Grottendick, an infant, seeks to impeach a will made by Cecelia Webber, dated November 1, 1945, and probated by the Clerk of the County Court of Preston County November 19, 1945, by which the testatrix gave all her property to her son, the defendant, James F. Webber. Mary Grottendick is the granddaughter and the defendant is the son of the testa-

trix and they are her only heirs at law. The case is here on appeal from a final decree of the circuit court entered May 25, 1948, which sustained a motion of the defendant for a decree in his favor upon the original bill of complaint of the plaintiff, the answer of the defendant, the general replication of the plaintiff and the depositions filed in behalf of the plaintiff; refused to permit the plaintiff to file an amended and supplemental bill of complaint; dismissed the bill of complaint of the plaintiff; and rendered judgment for the defendant.

The original bill of complaint, which was filed at February Rules, 1947, attacked the validity of the instrument on the alleged grounds of lack of mental capacity of the testatrix to make a will and of undue influence exerted upon her by the defendant. After the defendant had filed his answer, the plaintiff offered, by depositions, the testimony of the three attesting witnesses and a clergyman who visited the testatrix on several occasions a few days before November 1; 1945, the date of the purported will, and administered to her the last rites of his church during the illness from which she died in a hospital in Warrensburg, Missouri, in the early part of November, 1945. One of the witnesses, the clergyman, testified that, in his opinion, when he last visited the testatrix shortly before November 1, 1945, she was mentally and physically incapable of making a will. The others, who were the attesting witnesses to the instrument, expressed the opinion that she possessed sufficient mentality for that purpose at the time it was executed. None of the witnesses testified to any facts which tend to show that the defendant exercised any undue influence upon the testatrix at any time. The testimony of the attesting witnesses, however, is not positive with respect to the presence of all of them when the testatrix executed the instrument by affixing her mark to her signature which was written for her by one of the attesting witnesses or when they subscribed their names as attesting witnesses. One of the attesting witnesses, a man, testified that he saw the testatrix make her mark and that he signed in her presence but that he could not be sure that the other two attesting witnesses were

present at that time. He also said that he could not say that he saw the other two attesting witnesses sign their names. Another attesting witness, a woman, testified that she signed her name as such witness but that she did not see the testatrix affix her mark to the instrument. This witness said she saw one of the two other attesting witnesses sign his name but that she did not see the third attesting witness sign and that she did not remember whether that witness was present when she signed her name as one of the attesting witnesses. The third attesting witness, also a woman, testified that to the best of her recollection the three attesting witnesses were present when the testatrix made her mark and when each of them signed as an attesting witness.

The despositions were completed on April 8, 1948, and filed on April 14, 1948. After they were filed the plaintiff prepared an amended and supplemental bill of complaint, incorporating in it, by reference, the allegations of the original bill of complaint and a new allegation to the effect that the purported will was not executed in the manner required by law, as an additional ground of attack upon its validity. In the prayer of the amended and supplemental bill of complaint the plaintiff asked that an issue *devisavit vel non* be made up and tried by a jury at the bar of the court to determine whether the writing admitted to probate is or is not the true last will and testament of the testatrix, Cecelia Webber. The court on the day the final decree was entered, and immediately before its entry, overruled the motion of the plaintiff to file the amended and supplemental bill of complaint, tendered for filing at that time, for the stated reasons that the motion to file it came too late and that the allegations of the amended and supplemental bill of complaint changed the cause of action set forth in the original bill of complaint.

The questions presented by the assignments of error are: (1) Whether the plaintiff was entitled to file the amended and supplemental bill of complaint; and (2) whether the plaintiff was properly refused a trial by jury upon an issue *devisavit vel non*.

In support of the decree of the trial court the defendant contends that the amended and supplemental bill of complaint tendered by the plaintiff was offered too late for filing, that it changed the original cause of action set forth in his original bill of complaint, and that the plaintiff waived his right to require a trial by jury of the foregoing issue by his failure to demand such trial before making his motion to file his amended and supplemental bill of complaint on May 25, 1948, the date of the entry of the final decree.

The statute, upon which this suit is based, to the extent here pertinent, provides that after a judgment or an order has been entered in an ex parte proceeding for the probate of a will, "any person interested who was not a party to the proceeding, or any person who was not a party to a proceeding for probate in solemn form, may proceed by bill in equity to impeach or establish the will, on which bill, if required by any party, a trial by jury shall be ordered, to ascertain whether any, and if any, how much, of what was so offered for probate, be the will of the decedent. * * * if the judgment or order was entered by the county court and there was no appeal therefrom, such bill shall be filed within two years from the date of such order of the county court." Code, 1931, 41-5-11. It is evident that the purpose of the quoted provisions of the statute is to confer upon any person to whom they apply a right of action to impeach a will upon any valid and subsisting ground.

Under the statute relating to the amendment of pleadings and the established practice, both at law and in equity, which has long prevailed in this jurisdiction, great liberality and wide latitude are permitted with respect to the amendment of a declaration in an action at law or a bill of complaint in a suit in equity. The court, in any case, should allow, after the appearance of the defendant and before final judgment, any pleading to be amended, or material supplemental matter to be set forth in amended or supplemental pleadings, upon such terms as the court may deem just, if, in its opinion, substantial justice will be thereby

promoted, provided such amendment does not change the cause of action or does not convert a motion for judgment into an action at law or an action at law into a motion for judgment. Code, 1931, 56-4-24. *Floyd v. Duffy,* 68 W. Va. 339, 69 S. E. 993, 33 L. R. A. (N.S.) 883. See also, *Stealey v. Lyons,* 128 W. Va. 686, 37 S. E. 2d 569, for a general discussion of the subject of amendment of pleadings. The amendment of a declaration or a bill of complaint, after the appearance of the defendant and before final judgment, is a matter which rests in the sound judicial discretion of the court and the manner in which such discretion is exercised is subject to appellate review. *Webster v. Hurvitz,* 116 W. Va. 328, 180 S. E. 265; *Welch v. County Court of Wetzel County,* 29 W. Va. 63, 1 S. E. 337.

It is manifest in this case that the amended and supplemental bill of complaint, which was tendered for filing by the plaintiff before the entry of the final decree on May 25, 1948, but which the court refused to permit him to file, did not change the cause of action on which this suit is based. The statute gives the plaintiff the right to impeach the purported will of the testatrix on any valid and subsisting ground. Code, 1931, 41-5-11. Though a declaration in an action at law or a bill in a suit in equity may not be amended by incorporating new matter which will entirely change the original purpose of the proceeding, *Halterman v. Burgess,* 128 W. Va. 23, 35 S. E. 2d 436; *Morrison v. Judy,* 123 W. Va. 200, 13 S. E. 2d 751; *Gray v. Gray,* 120 W. Va. 498, 199 S. E. 361; *Newton v. Kemper,* 66 W. Va. 130, 66 S. E. 102; *Edgell v. Smith,* 50 W. Va. 349, 40 S. E. 402; *Christian v. Vance,* 41 W. Va. 754, 24 S. E. 596; *Snyder v. Harper,* 24 W. Va. 206, that well settled principle does not apply in this case. The original bill of complaint alleged undue influence and lack of testamentary capacity as the grounds of the attack upon the validity of the written instrument. The amended and supplemental bill of complaint, by reference to the original bill of complaint, incorporated those grounds and set forth the additional ground that the testatrix did not execute the purported will in the manner required by law, in that

she did not sign it in the presence of two witnesses and that the witnesses did not subscribe their names as such in the presence of the testatrix or in the presence of each other. This charge constitutes a valid ground of attack and if sustained by proof would render the instrument invalid as a will. It does not amount to a departure from, or a change of, the cause of action set out in the original bill of complaint, but it is merely an additional ground of attack upon the validity of the instrument which was probated as a will. See *The First National Bank at Williamson v. King,* 121 W. Va. 290, 3 S. E. 2d 523. The plaintiff had the right, by virtue of the statute, to plead, before final judgment, the new matter as an additional ground of attack, and his effort to do so by means of an amended and, supplemental bill of complaint was proper and in conformity with the rule promulgated by this Court governing the amendment of pleadings in a trial court. Rule VI, Section (d), Rules of Practice and Procedure for Trial Courts, Promulgated April 10, 1936, 116 W. Va. lx. If the original cause of action is preserved, the allegations of a bill of complaint in a suit in equity may be changed by amendment to add new matter and to cure imperfections and mistakes in the statement of a plaintiff's case. See *Hall v. McGregor,* 65 W. Va. 74, 64 S. E. 736; *Cox v. National Coal and Oil Investment Company,* 61 W. Va. 291, 56 S. E. 494. A court has discretion in permitting an amendment to a pleading and it is not error to permit an amendment, not contradictory of the original pleading, which sets up matter proper to the determination of the issues involved. *Dickinson v. Rand,* 102 W. Va. 574, 136 S. E. 42. The circuit court, in the exercise of a sound judicial discretion, should have permitted the amended and supplemental bill of complaint to be filed. *Halterman v. Burgess,* 128 W. Va. 23, 35 S. E. 2d 436; *Bird v. Stout,* 40 W. Va. 43, 20 S. E. 852; *Kuhn v. Brownfield,* 34 W. Va. 252, 12 S. E. 519, 11 L. R. A. 700; *Lamb v. Cecil,* 28 W. Va. 653.

The circuit court should have permitted the amendment of the original bill of complaint, by the amended and supplemental bill of complaint which charged as an additional

ground of attack that the purported will was not properly executed, for an additional reason. Of course the proof, disclosed by the depositions taken in behalf of the plaintiff, with respect to its sufficiency to sustain the allegations of the original bill or the additional allegation contained in the rejected amended and supplemental bill, can not be, and is not now, considered or determined because it has not been passed upon in the trial court; but it is sufficient to entitle the plaintiff, upon a remand of the case, to file the amended pleading. When a good case, not sufficiently pleaded, is shown by the proof, the court should allow an amendment before dismissing a bill of complaint. *The First National Bank at Williamson v. King,* 121 W. Va. 290, 3 S. E. 2d 523; *Marshall v. Porter,* 73 W. Va. 258, 80 S. E. 350; *Hertzog v. Riley,* 71 W. Va. 651, 77 S. E. 138; *Floyd v. Duffy,* 68 W. Va. 339, 69 S. E. 993; 33 L. R. A. (N.S.) 883; *Ryan v. Nuce,* 67 W. Va. 485, 68 S. E. 110; *Lamb v. Cecil,* 25 W. Va. 288.

The plaintiff did not waive his statutory right to require a trial by jury upon an issue *devisavit vel non.* The statute does not specify the manner in which a demand for a trial by jury upon that issue may be made, or expressly limit the time within which to make it, though, of course, the clear implication is that such trial should be required before the entry of a final judgment or decree. It is evident that the plaintiff did not wish, and he was not required, to submit to a jury the issue whether the instrument admitted to probate was the will of Cecelia Webber, until he had, by proper pleading seasonably tendered for filing, set forth all the material grounds upon which he intended to rely in assailing its validity. Before the case was set for hearing and after the plaintiff had obtained the testimony of witnesses with respect to facts which present an additional ground of attack, he incorporated an allegation that the purported will was not a valid will, because not properly executed, in an amended and supplemental bill of complaint and tendered it for filing. The motion to file this amended pleading was made by the plaintiff, and denied by the court, before the final decree was entered, despite

the provisions of the statute, Code, 1931, 56-4-24, that after appearance of the defendant, the court, if in its opinion substantial justice will be promoted thereby, may, at any time before final judgment or decree, and upon such terms as it may deem just, permit any pleading to be amended, or material supplemental matter to be set forth in amended or supplemental pleadings, in the manner designated and subject to the limitations imposed by the succeeding terms of the section. The prayer of the amended and supplemental bill of complaint shows that a trial by a jury of an issue *devisavit vel non* was required by the plaintiff as provided by the statute, Code, 1931, 41-5-11. In these circumstances the action of the trial court in refusing to permit the amended and supplemental bill of complaint to be filed and in ignoring the prayer of the plaintiff, incorporated in it, for a trial by jury of the issue whether the purported will is or is not the true last will and testament of Cecelia Webber, constitutes error which requires reversal of the decree of May 25, 1948.

For the foregoing reasons the final decree of the circuit court is reversed and set aside and this cause is remanded to that court for further proceedings in accordance with the principles stated in this opinion.

*Reversed and remanded.*